The Chancellor.
The first question which I shall consider in this case is, whether the suit could be rightfully commenced before the vice chancellor of the first circuit; even if the court of chancery in this state had jurisdiction and authority to grant relief to the complainant, upon the case made by his bill. To give a yice chancellor concurrent jurisdiction with the chancellor, the cause or matter which authorized the complainant to file a bill in chancery, for the discovery or relief, sought, must have arisen within the circuit of such vice chancellor; or the subject matter in controversy between the parties must be situated within that circuit at the time of the commencement of the suit; or the defendants or parties proceeded against, or some of them, must be residents of such circuit at that time. (2 R. 8. 168, § 2.) Here none of the defendants, against whom the relief is sought, nor even those residuary legatees who had a common interest with the complainant, and were therefore merely nominal defendants, resided in the first circuit at the time of filing this bill.
Nor was the subject matter in controversy in this suit situated in that circuit, so as to give the vice chancellor jurisdiction of the cause on that ground. The complainant, it is true, alleges in his bill, that the testator and his first copartner made large investments in public and private stocks in this state, in the name of their firm, and that such stocks remained undisposed of at the time of the testator’s death. But it does not appear, except by mere inference, that any of such stocks were originally situated within the first circuit; or if they were, that any stocks remained in that circuit at the time of the filing of this bill. The bill alleges that some of the investments were in stocks of the Bank of the State of New-York and of the New-York Insurance Company. And as those corporations are by law to keep their offices in the city of New-York, it may perhaps be fairly inferred, that those particular investments were originally situated in the first circuit, so far as such property can he said to have any locality. But it is not alleged by the complainant that the stocks of these corporations, or either of them, originally held in the name of the first firm of Brown <fc Ives, remained undisposed of when this suit was commenced; although it appears they had pot *214 been sold at the death of the testator. On the contrary, it is charged in the bill that the appellants had taken possession of, and held all the property, rights, credits, stocks and other choses in action and money, to which the testator was entitled, or in which he was interested as a. copartner, in either of the firms, at the time of his death, and had applied the same to their own use.
It is true the appellant’s counsel insist that the respondents were not authorized, under the letters testamentary granted to them in Rhode Island, to sell or otherwise .intermeddle with the stocks and other property belonging to the testator in this state ; and that no one except an executor who had taken out letters testamentary in this state, or an administrator with the will annexed, duly appointed here, had any power or control over such property. I had occasion to examine that question in the recent case of Vroom v. Van Horne, (10 Paige's Rep. 550,) and was inclined to adopt a contrary conclusion; though it did not become necessary to express a definitive opinion on the subject, as the decision of that case was finally placed upon another ground. If the counsel for the appellants are right, however, in reference to that question, then the vice chancellor clearly had no jurisdiction whatever in relation" to the stocks, if any, which wero standing in the name of the testator and his first copartner, upon the books of the Bank of the State of New-York, or of the New-York Insurance Company, at the time of the commencement of this suit. For in that case such stocks could not be sold or transferred, so as to give any right to the purchaser, until letters testamentary, or of administration with the will annexed, were granted to some one, by the proper tribunal in this state. And the only remedy of the complainant, as one of the residuary legatees, if he wished to obtain the proceeds of such stocks and the dividends accrued thereon, after the debts and general legacies of the testator had been paid, was to cite the executors to prove the will, and take out letters testamentary thereon in this state; and if they should neglect to do so, to have himself or some other person appointed administrator with the will annexed, here.
Again; if this court has general jurisdiction to call upon executors or administrators, appointed in another state or country, *215 to account, and to pay over the proceeds of the property of the decedent to those who are entitled to it by the law of his domicil, the fact that a single item of the personal property is situated within one of the chancery circuits of this state, does not give to the vice chancellor jurisdiction of the cause. For the subject matter in controversy, in such a case, is not the particular portion of the decedent’s personal property which is situated within that circuit. Thus, if a testator residing in the third circuit should make his will and die there, and letters testamentary thereon should be granted to the executors, who resided there at the time of the commencement of a suit by the residuary legatee for an account of the administration of the estate, and for the payment to him of the surplus, the mere fact that a part of the debts due to the testator were due from debtors who resided in the first circuit, or that some of the testator’s property, at the time of filing the bill, consisted of stocks in one of the banks in that circuit, would not give the vice chancellor of the first circuit jurisdiction of the case. But the bill, in such a case, must be filed before the chancellor, or before the vice chancellor of the circuit where the defendants resided, or where the cause which entitled the complainant to file such bill arose. Nor would it be consistent with the spirit of the statute in relation to the jurisdiction of vice chancellors, to allow the residuary legatee to file a bill before the vice chancellor of the first circuit, in the case supposed, for the purpose of having an account and a distribution of that part of the testator’s estate which happened to be in that circuit. To give the vice chancellor jurisdiction of a case, on the ground that the subject matter in controversy is within his circuit, it is not sufficient that- a small part of that subject matter is there. So much, at least, of the subject matter in controversy between the parties, must be situate within the circuit, as to enable the vice chancellor to make a decree which will do substantial justice between the parties relative to that part of the subject in controversy as to which his jurisdiction extends. And where that cannot be done, the bill must be filed before the chancellor, who has general jurisdiction; or before some otii er vice chancellor, who by reason of the residence of *216 the defendants in his circuit, or otherwise, has jurisdiction to make a decree relative to the whole matter. The legislature, in apportioning the equity jurisdiction among the vice chancellors, could not have intended that where the whole matter in controversy, between the parties, could not properly be litigated in different suits before the chancellor, separate suits, in relation to different parts thereof, might be brought before the several vice Chancellors within whose respective circuits such different parts of the subject matter of the suit were situated. Thus if a, mortgage, for the security of one entire debt, upon two or more parcels of land lying in different circuits, is executed out of the state, or out of both of those circuits, and the owner of the equity of redemption, and other parties who are proper -to be made defendants to a bill of foreclosure, all reside out of those circuits ivhen a suit to foreclose the mortgage is commenced, the vice chancellor of neither of those circuits will have jurisdiction of the case; unless the mortgagee thinks proper to relinquish his claim upon that portion of the mortgaged premises which is not situated in the circuit of the vice chancellor before whom he files his bill.
The same or still greater difficulties will be found, in attempting to sustain the jurisdiction of the vice chancellor, in this cáse, upon the ground that the cause or matter in relation to which the complainant seeks relief, arose within the first circuit. The only thing that has occurred in the first circuit which could lay a foundation for any claim against the appellants, in favor of any one, is the receiving óf the money which was deposited in the Trust Company. And if the executors, under the letters testamentary granted in Rhode Island, had, as between them and the legatees of the testator, a right to receive ■that money, with the consent of the company with whom it was deposited, and to apply it in a due course of administration at the place where the testator was domiciled, and where the executors proved the will, as I think they had, then no cause or right to bring this suit arose within the first circuit. For it is not alleged that any breach of trust or any misappropriation of the property or funds of tht testator’s estate has taken place here,. *217 And the only right of the complainant to call the appellants to account for the money received of the trust company, arises from the making of the will of the testator, appointing them executors, the death of the testator, and the assumption of the trust of executors by them; all of which matters arose or occurred in the state of Rhode Island. Even if the complainant’s counsel are right in supposing that these executors could not be permitted to receive the money of the testator in this state, by the voluntary payment of the debtors, for the purpose of paying the debts and legacies, and distributing it with the other funds of the estate according to the directions of the will, without taking out letters testamentary here, still the objection exists, even as to this portion of the funds belonging to the estate, that the statute gives to the executor or administrator with the will annexed, who may be duly authorized by the proper probate court of this state, and to him only, the right to sue for the wrong done to the estate. (2 R. S. 449, § 17.)
It is not necessary to express any opinion as to the extent of the jurisdiction of the court of chancery in this state to protect the rights of creditors or legatees, of a testator who was domiciled abroad, in the personal property which is found in this state, where there is a probability that it will be squandered and lost, by the act of a wrongdoer, before a proper representative of the estate can be appointed here to protect it. It is sufficient to say, that where this court interferes, in special cases of that or a similar character, it proceeds upon the principle that wherever there is a right there ought to be a remedy, either in this or some other tribunal. And where no remedy exists elsewhere to enforce the right, this court will furnish such remedy, whenever it is necessary to prevent a total failure of justice; where the property in controversy, or the person of the wrongdoer, is within the jurisdiction and control of the court. Nor do I intend to decide the question here, whether, upon a bill filed before the chancellor, whose jurisdiction is not limited by any localities, and where either the subject matter in controversy, or the person of the defendant is even temporarily within the state, or where the defendant appears voluntarily to the suit without *218 the service of process here, this court will, in an ordinary case, entertain a suit to call foreign executors or administrators to account. By an ordinary case I mean one in which the executor or administrator, is within the jurisdiction of .the courts of the state or country where the testator or intestate was domiciled at the time of his death, and where the letters testamentary or of administration were granted; and when there.is nothing in the complainant’s bill to show that he has not a full and perfect remedy in those courts. As a question of expediency, certainly, those who have claims upon the estate, ought to be compelled to resort to the courts of the country where the decedent was domiciled, and’where the personal representatives of his estate were appointed; especially where the claimants are not credit-1 ors, but stand in the characters of legatees or distributees of the decedent. I intend to place my decision in the present case, however, upon.the special ground that the vice chancellor before whom the bill was filed had no jurisdiction of the case; even if the case made by the complainant would have entitled him to relief upon a bill filed before the chancellor.(a)
The decretal order appealed from must therefore be affirmed, with costs.
(a) In Whyte, adm’r <j-e. v, Rose, (3 Ad. cf- El. N. S. 493,) it was held by the court of exchequer chamber, (reversing the judgment of the court of queen’s bench,) that it was no answer to an action of debt on a deed, by an administrator under a prerogative administration from the archbishop of Canterbury, that the intestate died abroad, and that, at the time of his death, the deed was in Ireland,, and was bona inotabilia to be administered in Ireland.