ORESTUS S. BROWN, Administrator, *vs.* JULIA A. BROWN and another.

## May 21, 1886.

**Death of Party to Action—Substitution of Foreign Administrator.**
Under Gen. St. 1878, *c.* 53, § 16, a foreign administrator may be admitted to defend an action pending against his intestate at the time of his decease.

Appeal by plaintiff from an order of the district court for Scott county, *Macdonald*, J., presiding, substituting Mary J. Brown, administratrix of the estate of David A. Brown, deceased, as defendant in place of her intestate.

*L. M. & F. V. Brown*, for appellant.

*Chas. N. Bell*, for respondent.

BERRY, J. The present appellant having recovered judgment in the district court for the county of Scott for over $25,000 against Julia A. Brown and David A. Brown by default, they made application to said court, upon statutory grounds, to have the judgment set aside, and for leave to answer. On the day of the hearing upon the application, and before its determination, David A. Brown died intestate, and proceedings upon the application were accordingly suspended. Mary A. Brown, his widow, having been duly appointed administratrix of his estate by the probate court of Minnehaha county, Dakota territory, where he resided at the time of his decease, and having duly qualified and filed an "authenticated copy of her appointment as administratrix" in the probate court for Scott county, made application to said district court for a substitution of herself in said

action in place of her intestate, and as the representative of his estate. The application, including, as the court say, leave to appear and defend, was granted, and the question before us is whether the district court had statutory authority for granting it. We think it had. Gen. St. 1878, *c.* 53, § 16, enacts that "all actions which are pending against a deceased person at the time of his death may, if the cause of action survives, be prosecuted to final judgment, and the executor or administrator may be admitted to defend the same." The word "administrator" in this section is general. It may apply to foreign, as well as domestic, administrators. We think it should be allowed to apply to any species of administrator expressly recognized by our statutes as having authority to act as such in this state. Such express recognition is found in Gen. St. 1878, *c.* 77, § 6, and *c.* 57, §§ 19–22, and in Laws 1881, Ex. Sess. *c.* 34, § 1. Where there is a domestic administrator, he, of course, takes precedence. But where, as in the case at bar, there is none, and much more when, for aught that appears, there is no ground for appointing one, there would, in such a state of facts as this case presents, be a failure of justice in any other construction of the statute.

Order affirmed.