## LEWIS v. PARRISH.

(Circuit Court of Appeals, Second Circuit. April 15, 1902.)

### No. 101.

1. EXECUTORS AND ADMINISTRATORS—SUITS BY CREDITORS—JURISDICTION AND VENUE—LIABILITY TO SUIT IN FOREIGN COURTS—FOREIGN DEBTS.

An executor or administrator, being exclusively bound to account for the assets of the estate to the proper tribunals of the government under which he derives his authority, and the courts of another state having no right to interfere with the application of such assets according to the lex loci, an executor or administrator is not liable to suit as such in the courts of another state for any debt therein against the estate.

2. SAME—SUIT IN FOREIGN COURT—LIABILITY TO ACCOUNT AS TRUSTEE.

An executor or administrator who carries funds or property of the estate with him into a state other than that under which he derives his authority is there personally, though not as executor or administrator, liable to account in equity, to the extent of such funds or property, as trustee for those entitled to the effects in his hands, provided it appears that he is accountable to the complaining party for the breach

of some express or constructive trust under the will, or as a trustee ex maleficio; but not otherwise.[1]

**8. SAME—MALADMINISTRATION—FAILURE TO ACCOUNT—REMEDY.**
Mere failure of an executor or administrator to account for assets received by him is not such a maladministration of a trust as will make him liable to a suit and accounting as trustee in a state other than that of his appointment, the remedy in such case being by proceedings for an accounting as executor or administrator in the proper tribunal of the state of appointment.

**4. SAME—RIGHT TO REQUIRE ACCOUNTING—INTEREST OF CREDITORS.**
A creditor of a decedent's estate has a sufficient interest therein to maintain proceedings in a probate court to compel the executor or administrator to account for assets received by him.

**5. SAME—PERSONAL LIABILITY—ACTION AT LAW.**
In the absence of a devastavit, an express promise to pay, or statutory authority, an executor or administrator is not personally liable in an action at law for a debt against the estate, either in the state of his appointment or elsewhere, even though it appear that he has received assets; the proper judgment in such case being against him in his representative capacity, to be levied out of assets in his hands, unless none can be found, in which case it may be levied out of his proper goods.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

Robt. B. Honeyman, for appellant.
Joseph A. Thompson, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is an action in equity brought by the receiver of an insolvent national bank to recover an assessment made by the comptroller of the currency against one Hardin Parrish as a stockholder of the bank. The defendant is the executor of the last will and testament of Hardin Parrish, and is not sued as an executor, but individually. There was a decree for the complainant for the amount of the assessment, and the defendant has appealed.

The liability of the defendant's testator for the amount of the assessment is not challenged by the assignments of error; consequently we shall not examine the record to see if that liability was established by the proofs. Upon the question of the defendant's liability to account, the case disclosed by the record rests wholly upon the pleadings, no proofs having been introduced by either party. It appears by the bill and answer that the testator died in July, 1897; that his will was admitted to probate in the city of Philadelphia; that the defendant was by that will appointed an executor and sole legatee; that the defendant took possession of the estate; and that at the time of the commencement of the action (in 1898) he had not filed an account thereof. The record does not show when the will was proved, nor the value of the estate of the decedent, nor whether there were any debts except the disputed claim in suit, or that there are or ever have been any assets of the estate within this state; and no evidence was offered in respect to these facts. The bill of complaint does not

[1] See Executors and Administrators, vol. 22, Cent. Dig. §§ 2350 [f], 2352.

allege or suggest that the defendant has been guilty of any misconduct as executor, except that he has taken possession of the estate and not accounted therefor, and contains no averment or suggestion of any facts to denote that the complainant has not a plain and adequate remedy by resorting to the probate court and compelling the defendant to account. We are at a loss to understand upon what considerations the decree proceeded, no opinion having been rendered by the court below upon the decision of the cause.

An executor or administrator is exclusively bound to account for all the assets which he receives under and by virtue of his administration to the proper tribunals of the government under which he derives his authority. The tribunals of other states have no right to interfere with, or control the application of, those assets according to the lex loci. Hence it has become an established doctrine that an administrator or executor is not liable to be sued in that capacity in the courts of another state by any creditor for any debt due there by the intestate. Vaughan v. Northrup, 15 Pet. 1, 10 L. Ed. 639. It has been held, however, by the courts of New York, that when a foreign representative comes into the jurisdiction of the court, bringing with him assets of the foreign appointment, a bill in equity will lie against him to account therefor, where, but for the interference of a court of equity, there would manifestly be a failure of justice. Brown v. Brown, 1 Barb. Ch. 189; McNamara v. Dwyer, 7 Paige, 239, 32 Am. Dec. 627. Respecting this jurisdiction Chancellor Walworth said, in Brown v. Brown, 1 Barb. Ch. 217:

"It is sufficient to say that where this court interferes, in special cases of that or a similar character, it proceeds upon the principle that wherever there is a right there ought to be a remedy, either in this or some other tribunal, and where no remedy exists elsewhere to enforce the right this court will furnish such remedy, whenever it is necessary to prevent a total failure of justice, where the property in controversy, or the person of the wrongdoer, is within the jurisdiction and control of the court." .

Manifestly the present case is without any special features to justify the cognizance of a court of equity. So far as appears, there are no assets within this state, or within the jurisdiction of this court. The action is an attempt to obtain a decree against the executor personally upon a liability of his testator for which he cannot be held responsible in his representative capacity. If a foreign executor comes into another state and brings with him funds or property belonging to the estate, he may be held to account in equity to that extent; not in the character of executor or administrator, but as a trustee for those entitled to the effects in his hands. Van Bokkelen v. Cook, 5 Sawy. 587, Fed. Cas. No. 16,831; Brownlee v. Lockwood, 20 N. J. Eq. 255; Tunstall v. Pollard's Adm'r, 11 Leigh, 1; Atchison's Heirs v. Lindsey, 6 B. Mon. 86, 43 Am. Dec. 153; Alger v. Alger, 31 Hun, 471; Brown v. Knapp, 79 N. Y. 136. He is not liable as a trustee merely because he has assets undistributed in his hands and has not paid all the debts of the testator; but it must be made to appear that he is accountable to the complaining party as a trustee for the breach of some express or constructive trust under the will, or as a trustee ex maleficio; and when this appears the assets within the jurisdic-

tion of the court may be subjected to the trust, and applied to the payment of debts or distributed among the beneficiaries of the will according to the laws of the state of his appointment. In this case there are no assets within the jurisdiction; and there is no maladministration of trust, except such as exists in every case in which an executor has not accounted for assets in his hands.

An action at law could not be maintained against the defendant upon the facts in proof. An executor may become personally liable for the debt of his testator by an express promise to pay it, or he may become personally liable on a devastavit; otherwise, in the absence of some statutory authority, a judgment de bonis propriis is unwarranted.

"Even if it appear that the executor has received assets, still the judgment or decree should be against him in his representative character, to be levied out of the assets in his hands, when no devastavit is averred or proved, unless it appear that no such assets can be found, in which event the rule is that the amount may, if so ordered, be levied out of his proper goods." Smith v. Chapman, 93 U. S. 41, 23 L. Ed. 795.

This is the rule at common law when he is sued in the state of his appointment, and no different rule obtains when he is sued elsewhere.

If an executor or administrator does not return an inventory as required by the law, the court of probate has power to compel him to do so, and a creditor has a sufficient interest to compel a return. Upon the facts of this case the appropriate remedy of the complainant would seem to be by proceedings in the court of probate of Philadelphia. The supreme court said, in Railroad Co. v. Vinet, 132 U. S. 478, 10 Sup. Ct. 155, 33 L. Ed. 400:

"We do not recall a case now where the federal courts have not paid respect to the principle that all debts to be paid out of the decedent's estate are to be established in the court to which the law of his domicile has confided the general administration of estates."

This principle applies to all cases which do not come within the jurisdiction of a court of equity because of a trust or maladministration.

The decree is reversed, with costs, and with instructions to the court below to dismiss the bill.