### BENKER v. MEYER et al.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1907.)

No. 2,483.

1. APPEARANCE—WHAT CONSTITUTES—ADMINISTRATORS — INVOKING JURISDICTION OF FOREIGN COURT—CONCLUSIVENESS OF JUDGMENT.

Under the statutes of Nebraska, which abolish the common-law writ of error, and provide for proceedings in the Supreme Court to review a judgment of a district court by the filing of a petition in error and the issuance and service of a summons thereon, such proceedings are in effect an original action, and a foreign administrator who avails himself of the right given him by the statutes of the state to sue in its courts by instituting such a proceeding in error to review a judgment of a district court subjecting lands of his intestate to an attachment voluntarily submits the question of the validity of such judgment to the Supreme Court of the state, and its decision is binding upon him and upon the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appearance, § 41.]

2. JUDGMENT—PERSONS CONCLUDED—GENERAL AND ANCILLARY ADMINISTRATORS.

A judgment of a state court against a foreign administrator, subjecting land of his intestate's estate to an attachment, which is conclusive as against him, is also conclusive as against a local administrator subsequently appointed, and a bar to an action brought by him to recover the land from a purchaser under the former judgment in which the same issues only are involved.

In Error to the Circuit Court of the United States for the District of Nebraska.

This was a suit in ejectment to recover possession of land in Nebraska. The defendants justified their possession under certain attachment proceedings in the courts of Nebraska and a purchase of the land by them at a

judicial sale made therein. They were creditors of one Petterson, a resident of South Dakota, who owned the Nebraska land. They instituted a suit by attachment against him in the district court of Cedar county, Neb., and levied on the land. Before process had been served on him Petterson died. Afterwards an administrator of his estate was duly appointed in South Dakota, and not elsewhere, and defendants, who were plaintiffs in that suit, secured a conditional order of revivor of the action against the administrator and an order of publication against him. Pursuant to the requirement of that order the foreign administrator, whose name was Gutterson, appeared and ineffectually moved to discharge and dissolve the attachment, suffered judgment by default to go against him in his representative capacity for the debt and an order to be made requiring the land to be sold to satisfy the judgment, moved to set aside the default and·for leave to defend, and prosecuted a petition in error from an order denying that motion to the Supreme Court of Nebraska where the judgment of the district court was affirmed. In all these proceedings the fact appeared by the pleadings that Gutterson was a foreign administrator appointed in South Dakota only and in no stage of the case did he make any objection to the jurisdiction of the court by reason of that fact. The plaintiffs in that suit purchased the land under the order of sale therein made and after the affirmance of their judgment by the Supreme Court the present plaintiff, Benker, was appointed administrator of Petterson's estate in Cedar county, Neb., and brought this suit in ejectment against the defendants to recover the land so purchased by them, on the ground that the proceedings and judgment in the attachment suit were without jurisdiction and void. The foregoing facts appearing, the court below directed a verdict and rendered a judgment in favor of the defendants. To secure a reversal of that judgment this writ of error is prosecuted by the plaintiff.

Robert B. Tripp (J. C. Robinson, Robert J. Gamble, and John Holman, on the brief), for plaintiff in error.

Henry C. Gardiner (Rich, Searle & Clapp, on the brief), for defendants in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge, after stating the case, delivered the opinion of the court.

Counsel in the presentation of this case have narrowed the question to this: Whether the district court of Cedar county, Neb., originally acquired jurisdiction over the foreign administrator appointed in South Dakota or whether that administrator by his voluntary appearance or subsequent affirmative action in that court and in the Supreme Court of Nebraska in the same case subjected himself to the jurisdiction of the Nebraska court, and whether, if that court acquired jurisdiction in either way, its judgment is res adjudicata of the question now before us.

An administrator is generally answerable only to the courts of his own state, and cannot, in the absence of statutory authority, be sued in a foreign jurisdiction. Vaughan v. Northup, 15 Pet. 1, 10 L. Ed. 639; Mellus v. Thompson, 1 Cliff. (U. S.) 125, Fed. Cas. No. 9,405; Lewis v. Parrish, 53 C. C. A. 77, 115 Fed. 285; Burton v. Williams, 63 Neb. 431, 88 N. W. 765. Whatever power or authority an administrator may exercise outside of the state of his appointment "is a mere matter of comity, which every other state is at liberty to accord or withhold according to the policy of its own laws and with reference to the interests of its own citizens." Cases supra.

How does this case stand when viewed in the light of these accepted principles? The nonresidence of Petterson, the owner of the land in question, subjected it to attachment at the suit of his creditors (Comp. St. Neb. 1901, § 5762), and service of summons by publication was sufficient (section 5669). Jurisdiction of the court and power to control all subsequent proceedings was acquired immediately upon the issuing of the order of attachment. Section 5797, supra. Petterson's death before the service of process did not affect the jurisdiction of the court so acquired, but "full control of all subsequent proceedings" under the attachment laws of Nebraska was expressly conferred upon the court notwithstanding such death. Section 5979, supra. By reason, doubtless, of the contingent liability of real estate for the debts of the deceased the statute requires that where such real estate as well as where personal property is attached, in the event of the death of the defendant at any time after issuing the order of attachment, the proceedings shall not abate, but shall be carried on, and "his legal representatives shall be made parties to the action." Section 5797, supra. The revival of an action against the personal representatives of a decedent by a conditional order to be served when such representatives are nonresidents of the state by publication is provided for. Sections 6037–6041, supra. Pursuing the course marked out by the foregoing statutes, an order of revivor was made against Gutterson, the foreign administrator of Petterson's estate, and he appeared to the action and conducted the unsuccessful defense stated. The learned trial court held that the revivor so made against the foreign administrator was fairly contemplated and authorized by the general language of sections 5797 and 6038, which provide that the "legal representatives," without discriminating between domestic and foreign, shall be made parties to an action by revivor; and he cites in support the case of Brown v. Brown, 35 Minn. 191, 28 N. W. 238, where under a similar statute that view is approved. He also called attention to section 6041, supra, relative to reviving actions against representatives of a deceased defendant, where notice by publication is expressly provided for against a "nonresident of the state" and to other provisions of the statutes whereby power is conferred upon foreign administrators to commence and prosecute suits in Nebraska and to sell real estate therein belonging to the estate of the deceased. From a consideration of these things he held that the state has adopted such a policy of comity towards foreign administrators by admitting them into the state for so many kindred purposes that reasonableness and consistency both unite in the conclusion that the Legislature of the state by sections 5797 and 6038, supra, intended by the use of the general terms "legal representatives" and "representatives," therein employed without discriminating between domestic and foreign, to include any personal representative of the deceased wherever constituted and render them liable to proceedings to revive an action. There is much force in that reasoning, but, as the Supreme Court of Nebraska has not construed the statute in question, and as we find other satisfactory grounds for our conclusion, we deem it inadvisable to anticipate that court in construing its local laws.

The facts of this case show that Gutterson, the former administrator, after service of process had been made upon him in the proceedings to revive the action, appeared and moved to discharge the attachment levied upon the real estate in question. He availed himself of the provisions of section 5800, supra, and filed an unsuccessful motion "to set aside the order allowing the attachment and to discharge the attachment and levy." He then filed what is called an "answer and separate defense." By those proceedings he raised some issues of fact and two questions of law: (1) Whether the attachment was void for want of a preliminary bond given by the attachment creditors; and (2) whether a revivor of the suit was lawful in the absence of a service of summons upon the defendant before his death. These questions were decided against him and properly so. Brown v. Brown, and section 5797, supra. There being no further pleading by defendant, judgment by default was rendered against him, and the land was sold to satisfy the judgment. Six months thereafter the administrator again appeared and moved the court to set aside the default and grant him leave to appear and defend the action. That motion was denied, and Gutterson prosecuted a petition in error from the Supreme Court of Nebraska to secure a reversal of the order so made. Full hearing was had in the Supreme Court, and the order and judgment of the district court were affirmed.

The question now is whether the foreign administrator by the foregoing proceedings subjected himself to the jurisdiction of the Nebraska courts.

Section 2838, Comp. St. 1901, supra, is as follows:

"An executor or administrator duly appointed in any other state or county may commence and prosecute any action or suit in any court in this state in his capacity as executor or administrator in like manner and under like restrictions as a non-resident may be permitted to do so, provided that in case any executor or administrator shall have been appointed in this state such person only shall be entitled to commence and prosecute actions or suits within this state in his capacity as such executor or administrator."

A statute similar was under consideration by the Supreme Court of the United States in Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 440, 36 L. Ed. 130. In that case the facts, briefly stated, are that Nelson and French brought a suit in equity in the Circuit Court of the United States in Arkansas against the executor of the estate of one Ballentine, their deceased copartner, for a settlement of the partnership accounts. The executor soon after was removed and Lawrence, who had been appointed administrator c. t. a. by the county court of Cook county, Ill., the domicile of Ballentine, was substituted as defendant, and he thereafter appeared and conducted the defense for the estate of Ballentine. A decree was rendered in favor of complainants for their respective shares in the partnership received and held by Ballentine in his lifetime, and requiring Lawrence as administrator to pay the same out of the unadministered assets in his hands. The administrator filed a motion for rehearing, and later filed in the same court a bill of review, alleging, among other things, that on the face of the record it appeared that he was a foreign administrator, and not appointed by any court of Arkansas, and for that reason could not be

sued in that state. That bill was heard and dismissed upon its merits. Afterwards Nelson and French brought their action on the Arkansas judgment in the Circuit Court of the United States in Illinois against the domiciliary administrator to charge him as such with the payment of the Arkansas judgment. The Supreme Court, in reviewing a decree rendered for the complainants in that case, recognized the general rule limiting the administrator's power to act and liability to account to the state appointing him and disqualifying him to sue or ·be sued in any other state than that in which he was appointed, but gave force and effect to section 4473 of the Statutes of Arkansas (Digest of 1874), which provided that:

"Administrators and executors appointed in any of the states, territories or districts of the United States under the laws thereof, may sue in any of the courts of the state, in their representative capacity, to the same and like effect as if such administrators and executors had been qualified under the laws of this state."

The question considered was whether the administrator in that case was brought within the remedial legislation permitting a foreign administrator to sue in the courts of Arkansas. The court there held that by filing the bill of review to have the original decree set aside because it should not have been rendered against the Illinois administrator "he became himself the actor, and submitted that question to a court of competent jurisdiction, and its decision upon that question, whether favorable or adverse to him, was equally conclusive of the matter adjudged." The court further said:

"Whatever doubt may have existed as to the validity of the former decree, as binding the assets of the deceased in the hands of the administrator before the decree upon the bill of review, is removed by the latter decree; and, by the effect of this decree, the former decree must be treated, for the purposes of this case, as a judgment rendered by a federal court of competent jurisdiction and binding the assets of his intestate in his hands, just as if it had been rendered in a federal court held in the state of Illinois."

By the statutes of Nebraska writs of error as known at common-law are abolished (section 6194, Comp. St., supra), and an elaborate scheme is provided for instituting a proceeding for reversing a judgment once rendered as follows:

"A judgment rendered or final order made by the district court may be reversed, vacated or modified by the Supreme Court for errors appearing on the record." Section 6174, supra.

"The proceedings to obtain such reversal, vacation or modification shall be by petition entitled 'petition in error' filed in a court having power to make such reversal, vacation or modification, setting forth the errors complained of, and thereupon a summons shall issue and be served or publication made as in the commencement of an action. A ·service on the attorney of record in the original case shall be sufficient. The summons shall notify the adverse party that a petition in error has been filed in a certain case, naming it, and shall be returnable on or before the first day of the next term of court, if issued in vacation, and twenty days before the commencement of the term; if issued in term time, or within twenty days before the commencement of the term, it shall be returnable on a day named in said summons." Section 6175.

The bill of review considered in the Lawrence Case was a proceeding addressed to the court which rendered the first decree to secure its

reversal. Such a bill, as recently said by this court in Quinton v. Neville, Adm'r (C. C. A.) 152 Fed. 879, has a limited scope. The petition in error involved in the present case is a proceeding to accomplish the same purpose as the bill of review of the Lawrence Case and has a much broader scope. The difference between the two resides in the fact that the latter is addressed to a superior appellate tribunal, while the former is addressed to the court which rendered the decree assailed. If in prosecuting the bill of review in that case the foreign administrator became the actor within the meaning of the Arkansas statutes, and voluntarily submitted the question involved to the court for its adjudication, much more did the foreign administrator in this case become the actor and voluntarily submit to the Nebraska courts the question therein involved. It is true a writ of error at common law is regarded by the federal courts as a continuance of the original action, rather than the commencement of a new proceeding. Cohens v. Virginia, 6 Wheat. 410, 5 L. Ed. 257; Nations v. Johnson, 24 How. 204, 16 L. Ed. 628. But that rule cannot prevail in the courts of the state of Nebraska where the common-law writ of error is abolished by statute (Comp. St. 1903, § 6194), and where a new proceeding, characterized by all the features of an original proceeding instituted in a trial court, is substituted for it. Gutterson by his course of procedure in the courts of Nebraska subjected himself as administrator of Petterson's estate to the jurisdiction of those courts. He never questioned that jurisdiction because of the fact that he was a foreign administrator, and to say nothing of the effect of his general appearance and action taken to defeat the attachment on the law and facts of the case and to the contention of counsel that he thereby, under Nebraska decisions, effectually submitted himself to the general jurisdiction of the court, we content ourselves by observing that he voluntarily took the initiative and became the actor in an independent proceeding to secure a reversal of the judgment rendered against him, and as a result of that action the order and judgment of the lower court were approved and affirmed. Paraphrasing the language of the Supreme Court in the Lawrence Case, whatever doubt may have existed as to the validity of the former judgment as binding the assets of the deceased in the hands of the administrator before the judgment upon the petition in error is removed by the latter judgment; and by the effect of this judgment the former judgment must be treated for the purposes of this case as a judgment rendered by a court of competent jurisdiction and binding the assets of his intestate in his hands just as if it had been rendered in a court held in the state of South Dakota.

The other question, whether the judgment in the first case is res adjudicata of the question now before us, admits of little debate when the jurisdiction of the courts which rendered the first judgment is established. The subject-matter or claim and demand litigated in both cases was the same. The creditors' demand sued on was not challenged in either case. The only question in both was whether Petterson's land in Nebraska was liable to attachment at the suit of his creditors when no administrator had been appointed in that state. The parties were the same; the plaintiffs in the first case were defendants in the second; the representative of Petterson's creditors was de-

fendant in the first case and plaintiff in the second. They were different persons and appointed by courts of different states, but had the same representative character, and, in fact, as shown by this record, represented exactly the same creditors. The question actually litigated in the first case was the same as that litigated in the second, namely, whether Petterson's land in Nebraska was subject to attachment at the suit of his creditors instituted to recover their debt. Accordingly in any aspect of the rules laid down in the leading case of Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, and the many subsequent cases following and affirming the doctrine of that case, there is no doubt that the plaintiff below is estopped by the former judgment from again litigating the very question therein litigated. This last question is foreclosed by the Lawrence Case, where, on facts substantially like those now under consideration so far as our present inquiry is concerned, the first judgment was held conclusive.

We have now disposed of all questions claiming our attention, and, finding no error, the judgment of the Circuit Court is affirmed.