LAWRENCE v. SOUTHERN PAC. CO. et al.

(Circuit Court, E. D. New York.   March 4, 1910.)

1. COURTS (§ 343*)—FEDERAL COURTS—PRACTICE—REMOVAL OF ACTION—FOREIGN EXECUTORS OF DECEASED DEFENDANT.

A suit cannot be instituted against executors in a federal court in a state other than the one in which they have taken out letters, where jurisdiction depends on diversity of citizenship, nor can a pending suit against the testator be revived against such executors, unless ancillary letters are taken out in the state where the suit is pending.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 915, 916; Dec. Dig. § 343.*]

2. COURTS (§ 343*)—FEDERAL COURTS—LOSS OF JURISDICTION—DEATH OF INDISPENSABLE PARTY.

A suit in a federal court may be dismissed on motion for want of jurisdiction on the death of a defendant who is an indispensable party, where such fact plainly appears from the pleadings, and the executors of the decedent cannot be brought in, but if there is doubt on the question, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it appears that the suit may be separable, it should not be so dismissed, nor when there is a possibility of revival against the executors, until after the lapse of a reasonable time.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 915, 916; Dec. Dig. § 343.*]'

In Equity. Suit by Walter B. Lawrence against the Southern Pacific Company, Frederic P. Olcott, the Central Trust Company of New York, the Farmers' Loan & Trust Company, the Metropolitan Trust Company of the City of New York, the Houston & Texas Central Railroad Company, and the Houston & Texas Central Railway Company. On motion to dismiss. Motion denied.

See, also, 165 Fed. 241.

Dittenhoefer, Gerber & James (A. J. Dittenhoefer, H. Snowden Marshall, and David Gerber, of counsel), for complainant.

Joline, Larkin & Rathbone (Arthur H. Van Brunt and Henry V. Poor, of counsel), for defendants Central Trust Company of New York, Southern Pacific Company, and Houston & Texas Central Railroad Company.

CHATFIELD, District Judge. The complainant, stating that he sues on behalf of himself and other stockholders of the Houston & Texas Central Railway Company who may be similarly situated and who may come in, has brought an action in equity in the Supreme Court of Queens county, since removed into the Circuit Court for this district, against the Southern Pacific Company, the Central, the Metropolitan, and Farmers' Loan & Trust Companies, the Houston & Texas Central Railroad Company, and the Houston & Texas Central Railway Company, and also one Frederic P. Olcott, who happened at the time of certain transactions to be president of the Central Trust Company, and to have bid in the property of the Houston & Texas Central Railway Company at a sale held under the decree of the United States Circuit Court for the Eastern District of Texas, in which suit the claims of the Southern Pacific Company and certain mortgagees, consolidated in the one action, were left undetermined and a reorganization effected between the Southern Pacific Company, certain trust companies, and many of the bondholders. Upon May 4, 1888, a decree in the consolidated action was entered ordering a sale of the entire property upon the defaults on the various mortgages recited in the decree. All possible defenses were withdrawn, the decree was entered substantially by consent, and at the sale held in pursuance of this decree the property was bid in, according to the terms of the reorganization agreement, by Mr. Olcott. The new or reorganized corporation was called the Houston & Texas Central Railroad Company, and the property bought in by Mr. Olcott was transferred to that company, except certain lands which had been pledged as security for the bonds of the old company and these lands were conveyed by Mr. Olcott as security to three trust companies, one of which was the Central, who advanced money or made loans under the terms of the reorganization agreement. The bondholders of the old company accepted the bonds of the new company, but, according to the complaint in this action, the

minority stockholders of the old company refused to pay the assessments which were demanded, and ultimately all of the stock of the new company was taken over by the Southern Pacific Company, which now holds the same; certain guaranties having been made by the Southern Pacific Company at the time of so doing.

The complainant alleges unequal treatment, so far as the minority stockholders are concerned, on the part of the Southern Pacific Company, and the existence of a trust upon the stock of the reorganized railroad in the hands of the Southern Pacific Company. The complaint also alleges that the defendant trust companies have no beneficial interest in the lands purchased by Mr. Olcott and conveyed for trust purposes to each of these trust companies, and that the complainant has requested the directors of the old company to commence an action for an accounting against the Southern Pacific Company, Mr. Olcott, or any of those named as defendants in this action, and that these directors have refused so to do.

It is further alleged that these directors have taken the position that neither the Southern Pacific Company nor Mr. Olcott should be called upon to account or afford any relief to the minority stockholders who are said to be some one hundred in number; and the relief prayed for is that the Southern Pacific Company be held to have acquired and to hold the capital stock of the reorganized Texas Company and the profits and earnings received therefrom as trustee for the minority stockholders, as their rights may appear; that an accounting be had from the Southern Pacific Company; that it be adjudged that neither of the three defendant trust companies nor Mr. Olcott had a beneficial interest in the lands; that after the carrying out of the trust agreements by the trust companies the surplus of the lands, which would then revert to Mr. Olcott, be transferred, assigned, and delivered to the old railway company, and an injunction and the appointment of a receiver to carry the decree into effect (in which injunction the prayer asks that Mr. Olcott be also included) is demanded.

The action thus instituted was removed into the United States court by the Southern Pacific Company, Frederic P. Olcott, and the Houston & Texas Central Railroad Company, appearing specially. The petition on removal states that the defendants Olcott and the Central Trust Company had already appeared in the action, but that the time to answer had not expired. A motion to remand was denied upon the ground that the trust companies were not indispensable parties to the action.

It then appeared that the defendant the Houston & Texas Central Railway Company had not been served, and had no intention of appearing voluntarily, and that Mr. Olcott had subsequently died in the state of New Jersey, letters testamentary having been taken out by his executors in that state. A suggestion to that effect has been entered upon the minutes of this court by a motion to dismiss the complaint upon the ground that the action cannot proceed without Mr. Olcott or his representatives, and that the complainant can neither bring these representatives in as parties defendant nor have they voluntarily joined in the action, nor taken out ancillary letters within the state of New

York. This particular motion is made by the defendants the Southern Pacific Company, the Houston & Texas Central Railroad Company, and the Central Trust Company. It appears that subsequent to the motion to remand, a plea in bar, to the effect that the Houston & Texas Central Railway Company was an indispensable party to this action, had been interposed by the defendants who did appear, namely, the Southern Pacific Company, Mr. Olcott, the Houston & Texas Central Railroad Company, and also the Central Trust Company. A replication on the part of the complainant was filed before Mr. Olcott's death.

If Mr. Olcott or his representatives are necessary and indispensable parties to the trial of any cause of action set forth in the complaint, then the action must be held to have abated. If there be a cause of action which would not abate, and as to which the suit can be revived by bringing in the proper parties to give the court necessary jurisdiction, or if there be an alleged cause of action which can be litigated without Olcott's representatives, then a dismissal should not be granted. It appears from the complaint that Mr. Olcott was a proper party to be joined as defendant, and, if all of the issues relating to these transactions are to be settled between the parties in one action, Mr. Olcott or his representatives would be an indispensable party to the determination of the precise issue that is raised with reference to his rights. But it does not follow that the death of Mr. Olcott raised the question of abatement of the entire action, nor does the possibility of revivor, whether made as against his representatives or by them, determine whether he was an indispensable party to the suit. A suggestion upon the record would allow the executors to make a motion for revivor under section 955, Rev. St. (U. S. Comp. St. 1901, p. 697), and in the same way, upon such a suggestion entered on the record, the case might proceed under the terms of section 956, Rev. St., as to any parties or issues in which Mr. Olcott or his representatives were not required for the adjudication of their claims. Where the proposition that an action has abated is raised by other defendants, but where the possibility of revivor exists up to the time of trial, it would seem that the question of the lack of necessary or indispensable parties may be raised by motion, but should not be determined summarily, when, as in the present instance, the absence of the alleged necessary parties is based upon the fact that the executors of Mr. Olcott's estate have not as yet applied for letters within the state of New York; and hence can neither be sued nor are in a position to bring suit. Jessup v. Ill. Cent. R. Co. (C. C.) 36 Fed. 735; Picquet v. Swan, 5 Mason, 561, Fed. Cas. No. 11,135.

It is evident that a suit could not be instituted against executors in another state than where they have taken out letters upon a cause of action in the federal court in which jurisdiction is based upon citizenship. Lewis v. Parrish, 115 Fed. 285, 53 C. C. A. 77; Skiff v. White (C. C.) 127 Fed. 175. Nor can a suit be revived against executors in some state other than that in which they have been authorized to act in their representative capacity, unless ancillary letters shall be obtained in the state where the action is pending. Filer & Stowell Co. v. Rainey (C. C.) 120 Fed. 718. A determination that jurisdiction does not exist if the cause of action be not separable can be disposed of

upon motion, if the question of jurisdiction is plainly ascertainable from the pleadings, and depends solely upon the statement of the cause of action. But if there is any doubt as to the question, or if there is a possibility of revival, then the action should be dismissed on motion only for lack of prosecution and unreasonable delay. In the present case, the result of a dismissal would be to put the plaintiff out of court, with no determination of the rights of the minority stockholders as against the Southern Pacific Company and the Texas Railroad Companies, under the reorganization plan, and without any determination upon the plea at bar which has been already interposed.

A further plea, based upon the ground of the necessity or indispensability of representation on the part of Mr. Olcott's executors, could be considered in connection with the plea already interposed, and, if the complainant can maintain a cause of action or prove that it has a cause of action against the Southern Pacific Company and the Houston & Texas Central Railroad Company, which can be litigated in the absence of the Houston & Texas Central Railway Company and of Mr. Olcott's representatives (who seem to be entitled to a reversion of the lands in question), this court should not dismiss the action solely upon the ground that another suit may be necessary. The complainant is the one to determine whether a new action can be brought in one jurisdiction against all of the parties concerned in the different issues presented by the present complaint. The complainant also must consider the necessity which he will be under of bringing an action against Mr. Olcott's representatives if the present suit should be determined in favor of the minority stockholders against the railroads; and it would seem that the question of whether Mr. Olcott's representatives or heirs should ultimately be called upon to reconvey a reversionary interest is separable from the cause of action against the railroad companies. That cause of action is not dependent upon the existence of any reversionary interest or balance after the application of the collateral to the payment of the bonds secured by that collateral; nor (if the persons holding title should then refuse to comply with any demand) upon ability of the complainant or any other minority stockholder to impress a trust upon the reversion. Mr. Olcott was no more necessary to the determination of the claim against the railroad companies, except as he might wish to appear and defend his own action, than are the trust companies, who must administer their trusts so as to be able to account to all of those who are entitled to such an accounting.

For both of these reasons, therefore, the present motion must be denied.