Mayor *et al.* of Gallatin *v.* Alexander.

MAYOR AND ALDERMEN OF GALLATIN *v.* JAMES ALEXANDER. Executor of S. Wallace.

TAXATION. *Situs of property. Residence of executor.* The legal title to personal property, consisting of money, stocks and bonds, of testator is in the executor for the purposes of administration. He holds the property as trustee, and the *situs* of such property for the purpose of taxation is the residence or domicil of the executor.

FROM SUMNER.

Appeal from the Chancery Court at Gallatin. GEO. E. SEAY, Ch.

HEAD BROS for complainants.

ALLEN and DISMUKES for defendant.

FREEMAN, J., delivered the opinion of the court.

This agreed case shows that Samuel Wallace died in Sumner county in October, 1881, leaving a will by

which he gave his personal estate to his nephews and neices, some of whom are non-resident of the State, none of whom reside in the town of Gallatin.

James Alexander was appointed executor of said Wallace, and has duly qualified as such, and has resided in the town of Gallatin since that time. The executor, on his qualification, took charge of the personal estate and now holds it, and is engaged in settling up the affairs of his testator.

The personal estate of Wallace consisted of bank stock in a bank at Gallatin, stock in the Fourth National Bank at Nashville, moneys on hand and moneys on deposit in the Fourth National Bank at Nashville, notes on various persons, and on various corporations out of the State, and some bonds of several counties of the State of Kentucky.

The corporate authorities assessed this property in the hands of the executor for taxes for the year 1882. The question submitted by the agreed case is, whether this assessment is proper and the property liable to taxation by the corporation on the facts stated.

It is settled, we believe, by a uniform course of decision, probably without exception in England or America, that for purposes of taxation, all moveable properties and choses in action belonging to a non-resident of a State, which are not so located in another State as to form part of its proper wealth, have no other *situs* than the domicil of their owner: *Bonapart* v. *Baltimore*, Supreme Court of United States, Am. Law R., 1882, 290: *Tappan* v. *Merchants National Bank*, 19 Wall., 499; *Hoyt* v. *Sprague*, 103 U.

S., 630; Story on Conflict of Laws, 7th ed., 379, 381. See collection of authorities, note to Law Reg., *et seq.* See also *Mayor of Nashville* v. *Thomas,* 5 Cold., 607.

Conceding this principle, it is certain the legal title in this case was in the executor, for the purposes of administration, and that he held the property as trustee by all our decisions, and so having the title in himself, the *situs* of this property for the purposes of taxation was clearly the residence or domicil of the executor.

Without discussing other questions presented in argument, this is conclusive of the result, and the chancellor's decree must be modified so as to authorize all this property to be taxed (he having held the bank stock in the bank located in Gallatin alone liable to taxation). Costs will be paid in this and court below, by defendant.