The defendant Maxwell intermarried with a widow in the State of Virginia, who was executrix of her former husband. Before the intermarriage, she had given bond and security for the administration, agreeably to the laws of that State. The plaintiff intermarried with a daughter by the first husband. The parties living in this State, the plaintiffs, filed their petition for their share of the first husband's estate, and for an account of it under the Act of 1762, c. 5, Ird. 202.
Plea in abatement, to the jurisdiction of the Court.
 Demurrer and Joinder.
If a person die having personal property, the lex domicilii, and not the lex loci rei sitæ must govern, and therefore the suit cannot be sustained here, as the deceased died in Virginia. His property was subject to disposition or distribution, agreeably to the laws of that State, and not this. Our statute does not compel any person to answer, unless the deceased died in this State. He relied upon 4 Term Rep. 134; 3 Dall. 170. All rights to personal property ought to be regulated according *Page 103 
to the law of the country, where the deceased resided. 3 Cran. 319.
WHITE, e contra. — This is an equitable proceeding, and governed by the same rules, 1762, c. 5, § 23. A court of equity acts inpersonam, and as by law this was the proper mode to recover legacies, or distributive shares (§ 23), agreeably to the rules of equity, as the defendants reside here, they ought to account. 2 Eq. Ca. Ab. 420; 2 Pow. Cont. 8. The note in Dall. 320, furnishes the true rule, and clearly shows that we have made a proper application to account in this State. Though the defendants once lived in Virginia, they have removed to this State, and have brought all the personal property of the deceased along with them.