W. H. GOODLETT *et al. v.* J. A. ANDERSON *et al.*

ADMINISTRATION. *Foreign and domestic. Rights as to negotiable paper.*
Negotiable notes are *bona notabilia* in the jurisdiction of the testator's
domicile, when left there at the time of his death, and administration
granted in this State, where the debtor resides, will not draw to it the
title to such negotiable notes left by a foreign testator, without actual
possession.

FROM SHELBY.

Appeal from the Chancery Court at Memphis.
R. J. MORGAN, Ch.

WILSON & BEARD for complainants.

CRAFT & SCALES for defendants.

McFARLAND, J., delivered the opinion of the court.

The complainants, residents of this State, filed this
bill in the chancery court at Memphis, in which they
allege that B. R. Maclin, a resident of Mississippi, is

indebted to them, by virtue of a claim which one W. E. Tomlinson, also a resident of Mississippi, held against said Maclin, and which he, Tomlinson, had assigned to the complainants. It is further alleged that Mrs. E. B. Spencer, the mother of said Maclin, had recently died in the State of Louisiana, leaving certain estate in Tennessee, to-wit, a debt evidenced by note on W. W. Guy, a resident of this State, for about $5,600, besides other considerable interests in the States of Louisiana and Mississippi; that J. A. Anderson had administered upon the estate of Mrs. Spencer in this State. The object of the bill is to attach the interest of B. R. Maclin in Mrs. Spencer's estate in Tennessee, and especially his interest in the note specified, for the satisfaction of complainants' demand. Anderson, as administrator, W. W. Guy, B. R. Maclin, Tomlinson and the other distributees of Mrs. Spencer are made defendants.

Guy and Maclin alone appeared and made defense. It appears from the answers and proof that the domicile of Mrs. Spencer, at the time of her death, was in Benton county, Mississippi. She died in the State of Louisiana, having at the time the note on Guy in her possession. After her death, administration upon her estate was taken out in said Benton county, Mississippi, by J. H. McLellan, and the note on Guy being returned to him by the relative of Mrs. Spencer, into whose custody it came in Louisiana after Mrs. Spencer's death, said McLellan returned it in his inventory of her estate.

Said note still remains in the possession of said

Mississippi administrator, or at any rate it has never come to the hands of Anderson, the administrator in this State. It does not appear that said Anderson has returned any inventory or made any attempt to collect the note from Guy, or that he has taken any steps as administrator. He made no appearance in the present case, but suffered judgment *pro confesso.*

The chancellor rendered a decree in the name of Anderson, as administrator, against Guy, in the full amount of the note and interest, $8,703.25, directed the same to be paid into court, and that a sufficient part of B. R. Maclin's share of this sum be paid to complainants to discharge their debt against him, and ordered an account as to the several distributive shares. Maclin and Guy have appealed.

Complainants, if creditors of B. R. Maclin, would have the right to attach any property or effects belonging to him in this State and subject the same to their debt. Any distributive share said Maclin might own in the estate of Mrs. Spencer, within the jurisdiction and control of the courts of this State, might thus be reached. But Maclin has no right or interest in a debt due to the estate of Mrs. Spencer, so as to enable him to proceed directly against the debtor. Maclin's right would be to receive from the administrator, after the latter shall have collected the assets and paid the debts and expenses of the administration, his distributive share of the surplus, and complainants, as creditors of Maclin, must stand upon his right.

The decree of the chancellor is erroneous. We held at this place in June, 1878, in the case of *St.*

*John* v. *Hodges,* after full argument and review of authorities, that notes of the character of the one in question are *bona notabilia* at the domicile of the intestate's residence, when left there at the time of his death, and that administration taken out in another State where the debtor resides, does not draw thereto the title or right to the notes, unless they actually come to the hands of such administrator.

We are unable to see any distinction between that case and the present. The fact that the note in question was past due, does not alter the principle. Such fact does not change the negotiability or assignability, except to change the assignee with notice of equities in favor of the debtor, existing at the time of the assignment; but this does not affect the question as to the title to the paper; it may still be assignable, so as to give the assignee a right to sue in his own name. Its possession is evidence of ownership, and all the reasons upon which the former decision was founded apply to the present case.

The administrator in Mississippi having this note in possession, might assign it, and a payment by Guy under the present decree would be no protection to a suit by the assignee; nor would it be any protection to a suit by the administrator in Mississippi, should either Guy or his property be found within that jurisdiction.

True, our holdings are that no suit can be maintained in this State by a foreign administrator as such, but it does not follow that an administrator appointed here may maintain the suit without possession of a

19—VOL. 7.

title to the note, simply because the debtor resides here. In fact, the administrator in this case has set up no right to sue, made no claim or demand, has no pleading of any character asking relief. He is simply a defendant, with a judgment *pro confesso* against him.

We do not see anything to change the case in the fact that Mrs. Spencer left the note in Louisiana at the time of her death. It does not, at any rate, strengthen the case of the complainant.

Should any administrator of Mrs. Spencer at any time acquire possession of any of her estate here, our courts will see in the first place that the domestic creditors of Mrs. Spencer, if any, are paid, and then the rights of the distributees may be asserted either by themselves or their creditors.

No right being shown in defendant Anderson to collect the debt claimed from the defendant Guy, and no jurisdiction being shown over any estate of Mrs. Spencer, the decree will be reversed and the bill dismissed with costs.