10L 93
16L 357

MOSES WHITTAKER *et al. v.* A. R. WHITTAKER *et al.*

1. CHANCERY PLEADINGS AND PRACTICE. *Demurrer. Jurisdiction.* Under the Code, sec. 2934, a demurrer, both at law and in equity, must state the specific ground relied on, and no other objection will be noticed; and, therefore, when a demurrer to a bill in chancery assigned for cause that the subject-matter was not within the local jurisdiction of the court, an objection to the jurisdiction of the persons of the defendants cannot be raised.

2. ADMINISTRATOR, FOREIGN. *Trustee.* A foreign administrator who brings into this State the funds or property of the estate, may be compelled to account here as trustee for the distributees, and in advance of the time allowed for a settlement of the administration in the forum of appointment if he is improperly investing such funds, and appropriating them to a purpose foreign to the trust.

3. SAME. *Settlement. Conclusive. When.* A settlement of administration in the forum of appointment, even pending the litigation in this State, will be conclusive on the rights of the parties, and the decree should be made to conform therewith, and should provide for the exoneration of the administrator and his sureties on his official bond to the extent of the fund realized.

---

FROM SULLIVAN.

---

Appeal from the Chancery Court at Blountville. W. D. HAYNES, Sp. Ch.

DEADERICK, YORK and FULKERSON for complainants.

TIPTON, H. M. FOLSOM and N. M. TAYLOR for defendants.

COOPER, J., delivered the opinion of the court.

On March 9, 1871, W. S. Whittaker died intestate and unmarried in the State of Illinois, where he re-

sided. The complainants and defendants, except Elizabeth the wife of the defendant A. R. Whittaker, are his heirs and distributees. One S. G. Lewis was appointed and qualified as administrator of his estate. On May 28, 1872, the complainants, who are citizens of the State of Virginia, appointed the defendant A. R. Whittaker as their agent to go to the State of Illinois and attend to the interest of the heirs and distributees in the estate. They executed to him on that day a power of attorney to demand, sue for, and receive from the administrator, and all other persons, all monies due them as heirs and distributees, to adjust and settle the accounts touching the same, and give all necessary receipts and acquittances. It further authorized him to institute such legal proceedings in the courts of Illinois as may be required to secure the faithful administration of the estate, and the removal of the administrator and revocation of his powers if deemed advisable. One Wm. Ferrell was united with A. R. Whittaker in the power of attorney, but he practically did nothing under the power, and in a short time notified the parties that he declined to act further as agent. A. R. Whittaker went to Illinois, with this power of attorney, and took such steps that the administrator Lewis was induced to resign, and on July 15, 1872, he was appointed and qualified as administrator, and received from his predecessor several thousand dollars in money, as well as other assets. A rule was afterwards made upon him to give additional security, and failing to comply, he was removed as administrator on November 18, 1873, and Henry

C. Withers was appointed in his place. Subsequently, the defendant seems to have made a settlement with the probate court, in which he was brought in debt to the estate in the sum of $2,357.26, and was ordered by the court on January 19, 1874, to pay the same over to his successor in office.

In the meantime, the defendant, A. R. Whittaker, made no report of his acts as agent to his principal, but went to Carter county, and invested the money of the estate in the name of his wife in a tract of land in that county. The land was subject to a lien in favor of one Susan Thomas, which was being enforced by legal proceedings in the chancery court of Sullivan county, and under which the land had been sold and bought by third persons. With the consent of those persons, the defendant paid the money into the chancery court of Sullivan county, and his wife was, by the decree of that court in the case there pending, entered May 23, 1873, subrogated to the rights and liens of Susan Thomas to the extent of such payment.

The present bill was filed November 22, 1873, in the chancery court of Sullivan county, to call the defendant, A. R. Whittaker, to account as agent for the money thus received and invested. The interest acquired by the wife in the land was attached, and Whittaker and wife enjoined from making any disposition thereof, or of the money invested. The bill stated on its face that A. R. Whittaker and wife were citizens of Carter county, and that the land lay in that county. The other defendants are some of the

heirs and distributees of the intestate, who are alleged to reside "in the west," and whose residences are unknown. The bill proceeds against the defendant, A. R. Whittaker, as the agent of the complainants, and as having received the funds of the estate in that capacity. It does not mention the fact that the defendant had become the administrator of the estate in Illinois.

The defendants Whittaker and wife 'demurred to the bill, and assigned as cause of demurrer: "That the subject-matter of the bill is not within the jurisdiction of the chancery court of Sullivan county to determine, but within the jurisdiction of the chancery court at Elizabethton for the county of Carter." Under the Code, sec. 2934, a demurrer must, both at law and in equity, state the specific ground relied on, and no other objection can be noticed: *Kirkman* v. *Snodgrass,* 3 Head, 372, *Fitzgerald* v. *Cummings,* 1 Lea, 232. The subject-matter of the bill is the liability of A. R. Whittaker for the funds of the estate of W. S. Whittaker brought by him into this State, and, as an incident, the fund is sought to be followed into the land in which it has been invested. The theory of the demurrer is, that the land is the "subject-matter" of litigation, and as that lies in Carter county, the chancery court of Sullivan county has no jurisdiction over it. But it is a matter of no consequence where the land lies, if the court has jurisdiction of the persons of the defendants Whittaker and wife. The jurisdiction of the court does not depend upon the attachment. That writ was unnecessary, the interest of defendant

Elizabeth in the land attached being impounded by the filing of the bill, and the writ of injunction. Whether the court would have jurisdiction of the persons of the defendants, upon proper defense, we need not enquire.     No such objection is made.

Upon the demurrer being overruled, the defendant A. R. Whittaker filed a plea, to the effect that on July 15, 1872, he was appointed and qualified as administrator *de bonis non* of the estate of W. S. Whittaker, deceased, in the proper county of Illinois; that as such administrator he received and receipted for the assets in the hands of Lewis the former administrator, and took possession of other assets; that by the laws of that State two years or more are allowed in which to administer, and that the time had not elapsed, and defendant · had not exhibited his accounts or made settlement of his administration with the probate court to which he was answerable; that the court of chancery in Tennessee had no jurisdiction to investigate his accounts, etc.     The plea was set for hearing on its sufficiency, and by the chancellor overruled.

It is well settled in this State that a foreign administrator or executor cannot be sued as such.     But it is equally well settled that if a foreign administrator or executor come within the jurisdiction of our courts, bringing with him funds or property belonging to the trust estate, he may be held to account here as trustee for those entitled to the effects in his hands: *Beeler* v. *Dunn*, 3 Head, 90:   *Caldwell* v. *Maxwell*, 2 Tenn., 102;   *Townsend* v. *Markum*, MS. opinion, Nashville, 1876, cited in *Dillard* v. *Harris*, 2 Tenn. Ch., 206.

7—VOL. 10.

The weight of authority is to the same effect in other states: *McNamara* v. *Dwyer*, 7 Paige, 239; *Brownlee* v. *Lockwood*, 5 C. E. Green, 255; *Tunstall* v. *Pollard*, 11 Leigh, 1; *Moore* v. *Hood*, 9 Rich. Eq., 311. A settlement of the administration in the forum of appointment is conclusive upon the rights of the parties: *George* v. *Lee*, 6 Hum., 61; *Allsup* v. *Allsup*, 10 Yer., 283. If he make no settlement in the proper forum, the parties interested may follow him, and compel him to account in his own forum. They are not driven to sue the sureties on his official bond, nor to go through the form of an account in the forum of administration: *Patton* v. *Overton*, 8 Hum., 192. Ordinarily, the beneficiaries would not be entitled to proceed against him until the time for the settlement of the administration has expired. But if it clearly appear that he is improperly appropriating or investing the funds of the estate, as in this case, the interested parties may sue at once, and impound the funds, for the act is a clear breach of trust which gives *eo instanti* a right of action. If he afterwards, pending the litigation, settle his accounts in the forum of appointment, the recovery will be limited to the amount found in his hands, and will enure to the exoneration of himself and his sureties on his official bond. The plea was, therefore, insufficient to abate or bar the action, and was properly overruled. Upon overruling a plea for insufficiency, the defendant is of course entitled to answer: Code, sec. 4395. And, perhaps, the chancellor ought to have given the defendant, in some mode, the benefit of the matter of the plea in

his answer: *Brien* v. *Marsh*, 1 Tenn. Ch., 625.    For, although the facts were not sufficient to stay the suit they might have some bearing upon the details of the relief.    His Honor was in error in striking out of the answer the facts thus relied on.    But we cannot see that the order thus made operated to the prejudice of the defendant.    For the proceedings of the probate court of Illinois were introduced without objection, and the final decree of the chancellor fixing the amount of the defendant's liability was based upon the decree of the probate court of Illinois ascertaining that liability upon a settlement by the defendant of his administration.

The proof clearly makes out the case as set out in the first part of this opinion.    The answer of the defendant virtually admits the material facts.    His defense on the merits is that he has retained no more than his share in the estate, which he contends he had a right to do.    But, until division by judicial authority, he had no right to consider any specific part of those funds as his share.    That would be to give to an administrator, acting in a fiduciary capacity, the right to select his own share.    The probate court of Illinois held that he was not entitled to the fund, and ordered him to pay it over to the administrator *de bonis non.*    The decree of the chancellor is more favorable, for it allows him a credit for his proportional share of the fund.

There is no error in the decree and it will be affirmed with costs.