## BALLARD v. UNITED DISTILLERS CO., Inc., et al.

### No. 2229.

District Court, W. D. Kentucky, Louisville Division.

Aug. 16, 1939.

Lane & Lane, of Jasper, Ind., for plaintiff.

A. C. VanWinkle, of Louisville, Ky., for defendant Stitzel-Weller.

MILLER, District Judge.

This action is before the Court upon motions by the defendant Stitzel-Weller Distillery, Inc. (hereinafter called Stitzel-Weller), to dismiss the petition and to require the plaintiff to make its petition more definite and certain. The plaintiff has also filed a motion for a judgment by default against the other defendant United Distillers Company, Inc. (hereinafter called United Distillers).

The petition alleges that in the spring of 1913 United Distillers received in its bonded warehouse at Lawrenceburg, Kentucky, 20 barrels of "Old Hardie" whiskey for storage subject to the order of Logan Ballard, and in the spring of 1914 it also received in the same warehouse 25

barrels of "Old Hardie" whiskey for storage subject to the order of Logan Ballard. In each case it executed and delivered to Ballard negotiable warehouse receipts in units of five barrels each. In August, 1923, Stitzel-Weller received the said 45 barrels of whiskey from the United Distillers for storage in their bonded warehouse at Louisville, Kentucky, and undertook to take care of the same subject to the order of Logan Ballard. Logan Ballard died on May 25th, 1923, a resident of Orange County, Indiana. An administrator was appointed for him and served in said capacity from June 12, 1923 to April, 1926. However, the warehouse receipts had become misplaced or lost and as the administrator had no knowledge of their existence they were not included in his final settlement. The warehouse receipts were found in May, 1933, and following unsuccessful efforts on the part of Ballard's widow to obtain possession of the whiskey she qualified on March 31, 1938, by order of the Orange Circuit Court in Orange County, Indiana, as administratrix de bonis non of her husband's estate, and filed this action on April 11th, 1938, in the District Court of the United States for the Western District of Kentucky.

■ The defendant, Stitzel-Weller, is a Kentucky corporation with its principal office in the Western District of Kentucky. The defendant, United Distillers, is a New York corporation. The amended petition alleges that it has its principal office and place of business in the Western District of Kentucky, but the summons against it was directed to the marshal of the Eastern District and served by him at Lawrenceburg in said district. A question of venue is thus involved, if raised by this defendant. Sections 51 and 52, Judicial Code, Sections 112 and 113, U.S.C.A. Title 28; Seaboard Rice Milling Co. v. Chicago, etc., Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L. Ed. 633; Re Keasbey & Mattison Co., 160 U.S. 221, 229, 16 S.Ct. 273, 40 L.Ed. 402. The question has been waived by its failure to answer. Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252.

The petition further alleges that the defendants wrongfully sold the whiskey for storage charges without giving the required notice; that they became the purchasers of the whiskey and thereafter bottled and sold it to various purchasers. Logan Ballard during his lifetime, and his representatives thereafter, requested the defendants to furnish information as to the accrued charges and attempted to obtain delivery of the whiskey, but it is alleged that the defendants refused to give such information and refused to surrender the whiskey in exchange for the tendered warehouse receipts. It is alleged that the fair and reasonable market value of the whiskey in question was $125,000, for which amount the plaintiff administrator prays judgment against both defendants by reason of the alleged wrongful acts of the defendants in converting the whiskey to their own uses.

The defendant, Stitzel-Weller, at first demurred specially to the plaintiff's petition on the ground that she did not have capacity to maintain this action in this Court, and later in order to comply with the New Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, made a motion to dismiss plaintiff's petition on the same ground. It also moved the Court to require the plaintiff to set forth in the petition the time at which the wrongful sale of said whiskey was made by that defendant. The United Distillers has filed no answer and the plaintiff has moved the Court for a judgment against it in accordance with the prayer of her petition.

■ The rule is well settled that in the absence of a state statute permitting suit by a foreign administrator, no action can be maintained by such foreign administrator in a state other than that in which the administrator qualified. This rule has been applied in Kentucky. Marrett v. Babb's Ex'r, 91 Ky. 88, 15 S.W. 4; Louisville & N. Ry. v. Brantley's Adm'r, 96 Ky. 297, 28 S.W. 477, 479, 49 Am.St.Rep. 291. The only exception to the rule provided by Kentucky Statutes is contained in Section 3878, which reads as follows: "By giving bond, with surety, resident of the county in which the action is brought, non-resident executors or administrators of persons who, at the time of their death, were non-residents of this Commonwealth, may prosecute actions for the recovery of debts due to such decedents."

The Court of Appeals of Kentucky in Louisville & N. Ry. v. Brantley's Adm'r supra, specifically held that a tort action was not a debt within the meaning of the term as used in Section 3878. The Court there said "it can scarcely be contended that the language would embrace actions for a tort caused by negligence or inten-

tional wrong. * * * The mere right to recover for a tort is not, and cannot be, regarded as assets to which the foreign administrator has title, or the right to convert into a debt by a judgment. This right is denied him by the statute." It will also be noticed that in the present case the plaintiff has not executed the bond required by Section 3878 of the Statute which is a prerequisite to the right of any foreign administrator to bring an action in this State. The failure on the part of such a foreign administrator to comply with this requirement was held to be a bar to his right to maintain the action in Marrett **v.** Babb's Ex'rs, supra.

This rule which refuses recognition in one state to a personal representative appointed by another state has been applied on numerous occasions in the Federal Courts. Johnson v. Powers, 139 U.S. 156, 11 S.Ct. 525, 35 L.Ed. 112; In re Bankshares Corporation of the United States, 2 Cir., 50 F.2d 94; In re Kingsley, D.C., 160 F. 275; Pulver v. Leonard, C.C., 176 F. 586; Lawrence v. Southern Pacific Co., C. C., 177 F. 547; Fessenden v. Radio Corp. of America, D.C., 10 F.Supp. 394. Although these decisions were before the effective date of the New Rules of Civil Procedure, yet the rules now in effect reach the same result. Rule 17(b), after referring to the capacity to sue of an individual and of a corporation, provides "in all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; * * *." The law in Kentucky as shown by the two Kentucky cases above referred to refuses to recognize the right of the widow appointed administratrix de bonis non by the Indiana Court to maintain such an action as this in Kentucky. Such an action should be brought by a person appointed by a Kentucky Court in a proceeding in Kentucky for that purpose. This enables the Kentucky Court in making the appointment to impose any necessary and proper restrictions for the protection of Kentucky creditors, which protection would not be available under the present appointment by the Indiana Court. The motion of the defendant Stitzel-Weller to dismiss the petition should therefore be sustained. This makes it unnecessary to pass upon this defendant's motion to require the plaintiff to make her petition more definite and certain.

The defendant United Distillers has failed to answer the petition, and except for the fact that its co-defendant has raised the foregoing defense in its own behalf a judgment by default might be given. However, the defense raised is of such a character as to inure to the benefit of all defendants, even though not specifically pleaded by each defendant. In view of the fact that the Court has determined that the plaintiff is not entitled to maintain this action against any defendant in Kentucky, the plaintiff's motion for judgment against the United Distillers will be denied.