**Louis A. SIEBENHAR, Administrator of the estate of Leander Siebenhar, deceased, 1928 Maynard Avenue, Cleveland, Ohio, Plaintiff,**

**v.**

**Grover N. WISE, d.b.a. Wise Transfer Line, 516 Clay Street, Shelbyville, Ky., Defendant.**

**Civ. No. 2125.**

United States District Court
W. D. Kentucky, Louisville.

July 25, 1951.

Coleman Kiss, Albert H. Kiss, Cleveland, Ohio, James Walter Clements, Louisville, Ky., for plaintiff.

Robert P. Hobson, Woodward, Hobson & Fulton, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

May 21st, 1951 plaintiff, Louis A. Siebenhar as the Administrator of the Estate of Leander Siebenhar, filed his petition in this Court against Grover N. Wise, d.b.a. Wise Transfer Line. The action seeks to recover $200,000 damages arising out of the alleged negligent striking and killing of plaintiff's decedent by a truck owned and operated by defendant in the State of Kentucky on or about February 12th, 1951.

The defendant, on May 31st, filed his motion to dismiss the suit because of the alleged lack of authority on the part of Louis A. Siebenhar to maintain the action.

It is alleged in the complaint that plaintiff's decedent was a resident of Cleveland, Ohio, and that plaintiff was appointed administrator of decedent's estate by the Probate Court of Cuyahoga County, Ohio, and jurisdiction of this Court is claimed because of the diversity of citizenship and the requisite amount in controversy.

Plaintiff's right to maintain this action is controlled by Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. That section is, in part:

"The capacity of an individual, other than one acting in a represen-

tative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, * * * ".

Section 241 of the Constitution of Kentucky provides, in part:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. * * * "

Section 411.130, Kentucky Revised Statute, provides that when the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it or whose agent or servant caused it.

In the case of City of Louisville v. Hart's Administrator, 143 Ky. 171, 175, 136 S.W. 212, 35 L.R.A.,N.S., 207, it was held that the right of action for wrongful death is by the statute supra vested exclusively in the personal representative. In the case of Compton's Administrator v. Borderland Coal Company, 179 Ky. 695, 201 S.W. 20, L.R.A. 1918D, 666, it is held that the statute above vests the authority to bring an action for wrongful death solely upon the resident administrator.

The same question was considered by this Court, Honorable Shackelford Miller, Jr., then District Judge, in the case of Ballard v. United Distillers Company, Inc., 28 F.Supp. 633, and it was there stated that in the absence of a statute permitting suit by a foreign administrator no action can be maintained by such foreign administrator in a state other than that in which the administrator qualified.

See also Louisville & N. R. Co. v. Brantley's Adm'r, 96 Ky. 297, 28 S.W. 477; Brown's Adm'r v. Louisville & N. R. Co., 97 Ky. 228, 30 S.W. 639; Carter v. Pennsylvania R. Co., D.C.N.Y., 9 F.R.D. 477.

It is therefore apparent that the plaintiff is without legal capacity to maintain the action and that same should be dismissed. An order to that effect is this day entered.