**CITIZENS FIDELITY BANK AND TRUST COMPANY, Administrator of Estate of Alma Rizer, Deceased, Petitioner,**

**v.**

**Frank BAESE, Administrator of Estate of Frank L. Rizer, Deceased, Defendant.**

**Civ. A. 251.**

United States District Court
M. D. Tennessee, Northeastern Division.
Dec. 9, 1955.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Anton B. Dreidel, Louisville, Ky., and Denney, Leftwich & Glasgow, Nashville, Tenn., for petitioner.

Robert F. Turner, Jamestown, Tenn., for defendant.

WILLIAM E. MILLER, District Judge.

Briefly summarized, the claim stated by the complaint is as follows: On Au-

gust 8, 1954, Frank L. Rizer, a resident of Fentress County, Tennessee, wrongfully took the life of Alma Rizer, his former wife from whom he was divorced, by inflicting gunshot wounds upon her at her home in Louisville, Kentucky. Immediately thereafter Rizer committed suicide. On September 1, 1954, the plaintiff, Citizens Fidelity Bank and Trust Company, a Kentucky corporation, was appointed administrator of the estate of Alma Rizer by the County Court of Jefferson County, Kentucky. The defendant, Frank Baese, is the administrator of the estate of Frank L. Rizer, having been duly appointed as such by the County Court of Fentress County, Tennessee.

The action is instituted in this Court under the Wrongful Death Statute of Kentucky, Kentucky Revised Statutes, 411.130, to recover damages in the amount of $40,752 for the wrongful death of the plaintiff's intestate. The Kentucky statute provides that actions for wrongful death shall be prosecuted by the personal representative of the deceased and that the amount recovered "shall be for the benefit of and go" to named kindred of the deceased. Alma Rizer's only survivor was a minor son by a former marriage, Billy Rizer, and the action is for his use and benefit.

Defendant moves to dismiss the action "because the plaintiff is a foreign administrator, alleged to have been appointed as such under the laws of the State of Kentucky, and has no authority to maintain this action in the State of Tennessee."

There is thus presented for decision the question: Where diversity of citizenship and the requisite jurisdictional amount are present, may a foreign administrator maintain in a United States District Court sitting in Tennessee an action of wrongful death occurring in the state of his appointment under the wrongful death statute of that state and for the use and benefit of a named beneficiary?

As the plaintiff is suing in a representative capacity, its right to maintain the action must "be determined by the law of the state in which the district court is held"—in this case the law of Tennessee. Rule 17(b), Federal Rules of Civil Procedure, 28 U.S.C.A.; Cooper v. American Airlines, 2 Cir., 149 F.2d 355, 162 A.L.R. 318.

If the plaintiff were suing as an ordinary personal representative for the use and benefit of the general estate of its decedent, its lack of authority to maintain the action in the Tennessee courts would be clear. For in a long line of decisions the Tennessee courts, consistently with the view prevailing throughout the United States, have adhered to the dogma that a foreign administrator, as the representative of his estate, can not maintain an action in Tennessee without first obtaining ancillary letters, or qualifying in Tennessee. Caldwell v. Maxwell, 2 Tenn. 102; Allsup v. Allsup, 18 Tenn. 283; Keaton's Distributees v. Campbell, 21 Tenn. 224; George v. Lee, 25 Tenn. 61; Sparks v. White, 26 Tenn. 86; Patton v. Overton, 27 Tenn. 192; Goodlett v. Anderson, 75 Tenn. 286; Whittaker v. Whittaker, 78 Tenn. 93; Campbell v. Hubbard, 79 Tenn. 6; Ellis v. Northwestern Mut. Life Ins. Co., 100 Tenn. 177, 43 S.W. 766; Farmers Bank v. Vinson & Williams, 9 Tenn.App. 51.

The rule is generally supported by the reasoning that "no state can allow property within its jurisdiction to be diverted so as to deprive its own citizens of an opportunity to enforce their claims against it". Annotation 85 A.L.R. 1231, 1249.

But practically all of the courts which have considered the question have admitted an exception to the rule where the personal representative is suing, not for the benefit of the general estate, but for the use and benefit of a specified person or classes of persons under the provisions of the wrongful death statute of a foreign state. In that situation, it is said that the reason for the rule ceases to exist since the personal representative sues not in his capacity as such but in the character of a "trustee" or "medium" for the benefit of the persons entitled to

the proceeds of the recovery under the statute. As the recovery passes directly to the named beneficiaries it is not an asset of the estate and the rights of local creditors are not involved.

Many of the pertinent authorities approving the exception to the general rule are collated in the annotations in 85 A. L.R. 1231, 1245, and 162 A.L.R. 323, 324. In Cooper v. American Airlines, supra, the United States Court of Appeals for the Second Circuit, was called upon to determine whether the exception was the law in the state of New York. At the time the decision was rendered (1945) the question had not been resolved by the New York courts. But the Court of Appeals concluded that the New York courts would approve the exception to the rule where the foreign administrator was suing under a wrongful death statute merely as a nominal plaintiff for the benefit of the real parties in interest entitled to the avails of the recovery. It was said that to reach a different conclusion "would be to rest judgment, irrationally, on the sheerest verbalism".

It is significant to observe that the "prophecy" of the court in Cooper v. American Airlines, as to the law of New York, was later fulfilled when the highest court of that state approved the exception in Wiener v. Specific Pharmaceuticals, Inc., 1949, 298 N.Y. 346, 83 N.E.2d 673, 675. In holding that a Michigan administrator could maintain a suit under the Michigan death statute in the New York courts to recover damages for the death of a decedent in the state of Michigan, the court in that case said:

"The rule barring foreign administrators from our courts is just and reasonable only if applied in cases, first, where there are domestic creditors, and second, where the foreign administrator sues to recover a fund in which such creditors may share. Obviously, no prejudice threatens local creditors of the decedent if the wrongful death statute makes no provision for recovery on behalf of the general estate and, in fact, bars

creditors' claims against the proceeds. * * *

"For that reason, we conclude, as have the courts of a number of other jurisdictions, that a foreign administrator, suing as statutory trustee, has standing to maintain a wrongful death action in this State upon the strength of his original letters."

Would the Supreme Court of Tennessee follow the exception to the general rule, upon the state of facts presented in the instant case, or would it adhere, even in that situation, to the general pronouncement that foreign administrators have no standing to sue in the Tennessee courts? The question is to be answered, as in Cooper v. American Airlines, on the basis of what this Court would prophesy that the state court would adjudicate if the issue were presented to it.

In the first place, it is assumed that the Tennessee court would look to the law of Kentucky in a similar situation to determine whether the administrator was actually suing as a trustee or for the benefit of the general estate of the deceased. Baldwin v. Powell, 294 N.Y. 130, 61 N.E.2d 412; Wiener v. Specific Pharmaceuticals, Inc., supra.

The Kentucky Wrongful Death Statute, Kentucky Revised Statutes 411.130, provides that "The action shall be prosecuted by the personal representative of the deceased"; that the amount recovered "less funeral expenses and the cost of administration and costs of recovery, including attorney fees not included in the recovery from the defendant, shall be for the benefit of and go" to certain named next of kin of the deceased. If the deceased leaves no widow or husband, the recovery goes to the child or children of the deceased. It goes to the mother and father of the deceased if the deceased leaves no widow, husband, or child. Only in the event that the deceased leaves no widow, husband or child, and both father and mother are dead, does the recovery "become a part of the personal estate of the deceased" to be distributed

to more remote kindred after the payment of creditors of the estate.

 It seems altogether clear, therefore, from the provisions of the Kentucky statute that where the deceased is survived, as in this case, by one of the specified beneficiaries, the administrator sues for his use and benefit alone, as in the nature of a trustee; and that would appear to be the necessary effect of the decision of the Court of Appeals of Kentucky in Vaughn's Adm'r v. Louisville & N. Railroad Co., 297 Ky. 309, 179 S.W.2d 441, 445, 152 A.L.R. 1060, 1065, in which the court, speaking of an action under the statute, said:

"This action is brought under KRS 411.130, which gives a cause of action to a personal representative for the sole benefit of named beneficiaries. The recovery in an action for wrongful death is not for the benefit of the estate but for the next of kin, here the decedent's father and mother. The substance of the present action is that the surviving beneficiaries are suing, since they only are entitled to the benefit of a recovery. The statutory authority of the administrator, where the decedent leaves any of the kindred named in the statute, is to sue for the benefit of the next of kin. The administrator is merely a nominal plaintiff. The real parties in interest are the beneficiaries whom he represents."

Accepting, therefore, the premise that the present action is one in which the foreign administrator sues as a trustee under the Kentucky statute, the Court considers, first, whether there exists in Tennessee a statute which would prohibit the action in its courts.

Tennessee Code Section 8145, cited in the briefs, is clearly without pertinence in the present case for it applies only to the granting of letters of administration upon the estate of non-resident decedents. It contains no provision with respect to the authority of non-resident personal representatives. Nor does the Court find a prohibition in Tennessee Code Section 8148 which, by implication, permits the qualification in Tennessee of non-resident personal representatives, both of resident and non-resident decedents. It provides generally that foreign personal representatives qualifying in Tennessee shall be deemed and treated as citizens of Tennessee for the purpose of suing and being sued, and it facilitates the filing of suits against them in their official capacities by providing a convenient method for the service of process upon the county court clerk. The clear inference from the wording of the statute is that it has reference to personal representatives in their capacities as such, as representing the general estates of their decedents. The right of a foreign administrator to sue as a trustee for the benefit of statutory beneficiaries would appear to be prohibited neither expressly nor by implication.

But it is argued by the defendant that if a statutory prohibition was theretofore lacking, it was supplied by Chapter 164 of the Public Acts of Tennessee of 1955, passed March 11, 1955. Section 1 of the Act reads:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee; That no person not a resident of the State, nor any corporation not authorized to do business in this State, and actually maintaining an office in this State, shall be appointed or allowed to qualify or act as personal representative unless there be also appointed to serve with the non-resident personal representative a person resident in this State or corporation authorized to do business in this State, and maintaining an office in this State; and in the event such resident personal representative ceases, for any reason to act, then a new resident personal representative shall be appointed."

The defendant's insistence is that the words "or act" appearing in the statute were intended to deny authority to a foreign administrator to maintain an action in Tennessee, without the qualification of a local personal representative,

even in the case where the foreign administrator is acting as a nominal plaintiff or as a trustee for the benefit of others. In Holt v. Middlebrook, 4 Cir., 214 F.2d 187, 190, an almost identical statute of Virginia, Code 1950, § 26–59, was construed as prohibiting such an action in the courts of that state. The court was of the opinion that the words "or act" in the restrictive statute required it to hold that foreign administrators could not maintain an action for wrongful death in the Virginia courts "Whatever may have been the law prior to" the passage of the statute.

While the opinion in Holt v. Middlebrook, supra, written by Judge Dobie, carries much weight, the Court is persuaded that it would not be followed by the Tennessee courts in construing its statute of the same type.

In deciding the Holt case the Court of Appeals pointed out that when the Virginia legislature passed the statute, adding the words "or act", there were rulings by the United States District Courts sitting in Virginia that actions of the character under consideration in the present case could be maintained in Virginia as an exception to the general rule. It was stated that "It seems fair to presume that when the Virginia Legislature" passed the statute, it was familiar with these decisions and intended to annul them by legislative enactment. Whether or not this was a fair presumption, it should be pointed out that the same situation did not obtain in Tennessee at the time of the passage of the 1955 Act. At that time there were no decisions either of the state or federal courts sitting in Tennessee that such suits could be maintained in Tennessee by a foreign administrator. Consequently, there is lacking the same reason for the presumption applied in the Holt case that it was the legislative purpose, in using the same words in the 1955 Act, to nullify a judicially declared exception permitting suits by foreign personal representatives in certain cases.

Further, in Holt v. Middlebrook, it is clear from the opinion that the construc-tion of the Virginia statute was in large degree influenced by the court's conclusion that before its enactment "the only way foreign personal representatives were permitted to act in Virginia was the bringing of civil actions for death by wrongful act." It was concluded, therefore, that it was the purpose of the legislature in adding the words "or act" to the restrictive statute "to forbid the bringing of such civil actions."

On the other hand, in Tennessee before the passage of the 1955 Act the only clearly defined way foreign personal representatives could act was pursuant to Code Section 8148, referred to above, by qualifying in that state, with full authority to administer any assets of the estate in Tennessee and to sue and be sued. It seems more probable, therefore, that it was the intention of the Tennessee legislature in adopting the 1955 Act, in effect to amend Code Section 8148 by requiring a foreign personal representative qualifying under that statute to act only in conjunction with a local personal representative. On the basis of this construction, the 1955 Act, like Code Section 8148, would apply only to foreign personal representatives qualifying and acting in Tennessee in their capacities as such and not to foreign representatives in reality acting as trustees for named beneficiaries under wrongful death statutes of foreign states.

To hold otherwise would be to attribute to the legislature an intention to impose a wholly unreasonable requirement. Where the foreign administrator is acting for the general estate to recover assets belonging to it, the reason for the appointment of a local administrator is apparent, in that the rights of local creditors are further safeguarded. But the same reason does not exist where the foreign administrator comes into Tennessee merely as a trustee to effect a recovery for wrongful death for the specific benefit of statutorily designated persons. To require him in that event to qualify and to obtain the appointment of a local personal representative would be at most an idle ceremony of no benefit

to Tennessee citizens or creditors and an undue hardship upon the beneficiaries of the recovery. In the absence of more unequivocal verbiage than the expression "or act" in the 1955 Act, it does not appear reasonable to presume that the Tennessee legislature intended to accomplish that result.

It has already been stated that the Tennessee decisions, cited above, dealing with foreign personal representatives seeking to collect assets of the general estate, do not stand in the way of a ruling that the plaintiff may maintain the present action. The defendant insists, however, that the decision of the Supreme Court of Tennessee in Gogan v. Jones, 273 S.W.2d 700, is in point, and at least indicates that the Tennessee court is committed to a position opposed to the exception relied upon by the plaintiff.

That was an action by a New York administrator under the Tennessee statute to recover damages for the wrongful death of his decedent occurring in Tennessee. While the court in its opinion categorically stated that the appointment of the plaintiff as administrator in New York conferred no authority upon him to maintain the action in Tennessee, the statement appears to have been unnecessary to the decision. The point actually decided was that the amendment of the summons, after the expiration of the one-year statute of limitations, Code, § 8595, to strike the administrator as a party plaintiff and to substitute the names of the father and next of kin of the deceased, did not introduce a new cause of action. That was true because the personal representative was merely a nominal party in any event, whereas the real parties in interest under the Tennessee statute were the next of kin of the deceased in whose name the original action could have been brought. It is apparent that the issue now before this Court was neither presented nor considered.

Finding that the present action is not prohibited either by the statutory or decisional law of Tennessee, the Court is convinced that Tennessee would follow the clear weight of authority in approving the exception to the general rule upon which the plaintiff relies in the instant case. Doubtless, the weight of judicial opinion itself would have much influence with the courts of that state. This is particularly true because of the soundness of the exception and the reasoning by which it is supported.

Siebenhar v. Wise, D.C., 16 F.R.D. 479, decided by Judge Shelbourne, of the Western District of Kentucky, is urged upon the Court as indicating that the Kentucky courts would not recognize the authority of a Tennessee administrator to maintain an action of this character in the courts of that state. Although on the facts of the case the exception to the general rule here relied upon could have been applied to sustain the action, the clear inference from the opinion is that the exception was neither urged upon nor considered by the Court. Otherwise, it would hardly have relied upon Ballard v. United Distilleries Co., D.C., 28 F. Supp. 633, in dismissing the action. That case decided only that a foreign administrator could not sue in Kentucky to recover assets on behalf of the general estate. There is no reason to suppose that the courts of Kentucky would not approve the exception to the rule if clearly presented to them and advanced specifically as a reason for permitting the suit by a foreign personal representative to be maintained.

Under the Kentucky statute recovery may be had for funeral expenses, costs of administration, and attorneys' fees, in addition to damages for wrongful death, but that does not alter the fact that the personal representative in the instant case is suing as a trustee. Such expenses are administrative charges arising out of the wrongful death and are not for the benefit of the general estate. Wiener v. Specific Pharmaceuticals, Inc., supra.

Nor does the fact that the present action would be for the benefit of the general estate, in the absence of the named beneficiaries, require a different decision. In this case a statutory beneficiary is in

existence, and it is the character of the suit on the basis of presently existing conditions which is controlling. Cooper v. American Airlines, supra; Baldwin v. Powell, supra; Wiener v. Specific Pharmaceuticals, Inc., supra.

The order to be submitted will overrule the motion to dismiss the action.