Mrs. Alice BRIMHALL, Guardian of Sherry Diane Simmons, an incompetent minor, Plaintiff-Appellant,

v.

Romie Eugene SIMMONS et al., Defendants-Appellees.

No. 15677.

United States Court of Appeals
Sixth Circuit.

Dec. 4, 1964.

C. M. Murphy, Memphis, Tenn., for appellant, Murphy & Jarvis, Memphis, Tenn., of counsel.

M. Watkins Ewell, Sr., Dyersburg, Tenn., for appellees, Ewell & Ewell, Dyersburg, Tenn., of counsel.

Before CECIL and PHILLIPS, Circuit Judges, and STARR, Senior District Judge.

HARRY PHILLIPS, Circuit Judge.

Does a United States District Court sitting in Tennessee have jurisdiction of an action for breach of contract filed against residents of Tennessee by a non-resident guardian for a non-resident ward?

Plaintiff, an adult citizen and resident of Florida, is the duly appointed and acting guardian of a mentally retarded minor who has been a patient at the Sunland Training Center, a Florida institution, for more than ten years. Plaintiff was appointed guardian by the County Court of Alachus County, Florida.

Two of the defendants are brothers of plaintiff's ward and another defendant is the trustee of a trust established under the will of R. M. Laws, grandfather of plaintiff's ward. All defendants are residents of Dyer County, Tennessee. Plaintiff's ward and the mother of the ward were disinherited by this will. A will contest was filed by the mother in the state courts. Following a mistrial, the litigation over the will was compromised and a consent order was entered. Plaintiff contends that, under the terms of this consent order, the defendant brothers of plaintiff's ward assumed certain obliga-

tions for the support of their sister. The complaint avers that the defendant brothers of plaintiff's ward have failed to do what they promised to do under the terms of the agreement compromising the will contest litigation and seeks judgment for $50,000 for the support of the ward throughout the period of her life expectancy.

The district court dismissed the action on motion of defendants upon the ground that plaintiff failed to comply with T.C.A. § 35–610 [1] which provides that no person not a resident of Tennessee "shall be appointed or allowed to qualify or act" as guardian unless there be also appointed to serve with the nonresident guardian a person resident in Tennessee or a corporation authorized to do business in Tennessee.

The district court recognized that if plaintiff should comply with the Tennessee statute and have a Tennessee resident appointed to serve as co-guardian in maintaining this action, this would destroy the diversity of citizenship which is the basis of jurisdiction, saying:

> "The plaintiff guardian is not denied the right to sue in this state, but, being a non-resident fiduciary, she cannot maintain her suit in Tennessee unless there also be appointed a resident of this state to serve with her as fiduciary. Such resident representative would be charged with the responsibility for the conduct of settlements and distribution of proceeds and could be held liable for failure to act with fidelity and diligence. Therefore he, without question, would be a real party in interest. This, incidentally, would serve to destroy diversity of citizenship,

which is the basis of the jurisdiction in this court.

> "So, in the light of the Tennessee Code Section 35–610, this Court is without jurisdiction to entertain this suit brought by Mrs. Brimhall as a non-resident guardian against citizens of this state. This statute requiring a resident of this state to be joined with a non-resident fiduciary thus destroys the diversity of citizenship which forms the basis of jurisdiction."

In disposing of the appeal, we consider two questions: (1) Under rules 17(b) and 17(c) of the Federal Rules of Civil Procedure, is the capacity of the guardian to maintain this action to be determined by Tennessee Law? (2) If so, does T.C.A. § 35–610 deprive the district court of jurisdiction in this case?

## 1) INTERPRETATION OF SECTIONS 17(b) AND 17(c), FEDERAL RULES OF CIVIL PROCEDURE

■ Under rule 17(b) the capacity of a person acting in a representative capacity to sue is "determined by the law of the state in which the district court is held." The first sentence of rule 17(c) provides that when an incompetent person has a general guardian, the guardian may sue on behalf of the incompetent person.

Some authorities have raised the question that the right of a general guardian to sue may be controlled exclusively by rule 17(c), and that rule 17(b) is not applicable to actions by a guardian suing in his representative capacity. Although this issue was not raised in the district court or on the briefs and argument in this court, we consider it necessary to

1. "35–610. Nonresident fiduciaries—Appointment of resident required—Exception—Foreign banks and trust companies.—Except as hereinafter provided, no person not a resident of this state, nor any corporation not authorized to do business in this state, and actually maintaining an office in this state, shall be appointed or allowed to qualify or act as trustee of a corporate or personal trust, executor, administrator, guardian, conservator or committee for an incompetent person, or in any other fiduciary capacity, unless there be also appointed to serve with such nonresident fiduciary a person resident in this state or corporation authorized to do business in this state, and maintaining an office in this state; and in the event such resident fiduciary ceases, for any reason, to act, then a new resident fiduciary shall be appointed."

pass upon it because it is an important question that should be settled in this circuit.

In Fallat v. Gouran, 220 F.2d 325, 328 (C.A.3), the court said:

"Here appears an ambiguity, perhaps more apparent than real, between the provisions of subparagraphs (b) and (c) of Rule 17. Rule 17(b) seems to refer to the law of the state of the forum in determining the capacity of the guardian to sue in the federal court and in this respect might perhaps be regarded as adopting the result of earlier cases decided under the Conformity Act. Rule 17(c), however, apparently gives a guardian the right to sue in the federal courts *irrespective* of his capacity under state law. From this it might be argued, in spite of Moore and Barron & Holtzoff, that Rule 17(b) does not apply to guardians but that their capacity to sue in the federal courts now stands solely on the basis of federal law." [2]

The following comment appears in 2 Barron & Holtzoff Federal Practice and Procedure, § 488 at 59 (1961):

"Under Rule 17(c) the general guardian, committee, conservator, or other like fiduciary, may sue or defend on behalf of an infant or incompetent person. It is not yet entirely clear to what extent state law controls the right of such a representative to bring suit in federal court. Prior to the rules, under the Conformity Act, state law was considered determinative as to the right of a guardian to sue. Rule 17 (c), purporting to give an unqualified right to the guardian to sue,

might be thought to have altered this rule, but Rule 17(b) confuses the issue by making the capacity of a representative to sue dependent on the law of the state in which the district court is held."

Prior to the adoption of the federal rules, it was well established that the citizenship of the guardian, not that of the ward, controls for purposes of diversity of citizenship, and that the capacity of the foreign guardian to sue is determined by the law of the state in which the district court is held. Mexican Central Railway Co. v. Eckman, 187 U.S. 429, 434, 23 S.Ct. 211, 47 L.Ed. 245; New Orleans v. Gaines's Administrator (City of New Orleans v. Whitney) 138 U.S. 595, 606, 11 S.Ct. 428, 34 L.Ed. 1102. These two decisions were cited recently by the Supreme Court in Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 51, 75 S.Ct. 151, 154, 99 L. Ed. 59 as authority for the following statement:

"Petitioner is therefore not merely a nominal defendant but is the real party in interest here. This conclusion to disregard the tortfeasor's citizenship in the instant case for purposes of federal jurisdiction is fortified by cases honoring the states' characterization of a guardian or other fiduciary as determinative of the real party in interest in federal litigation."

In City of Detroit, Mich. v. Blanchfield, 13 F.2d 13, 15 (C.A.6), 47 A.L.R. 314, 318,[3] this court said:

"In the instant case, the action was properly brought by the guardian of the minor. Diversity of citizenship is alleged in the declaration. The jurisdiction of the federal court

---

**2.** The annotation in 68 A.L.R.2d 752, 754 contains the following statement:
"In litigation in a federal court in which a minor or incompetent party has a representative appointed by some authority other than the federal court acting under Rule 17(c) some doubt exists as to whether the capacity of the representative to sue or be sued is determined by the law of the state in

which the federal court is sitting, as required by subparagraph (b) of Rule 17, or by federal law as embodied in subparagraph (c) of the Rule."

**3.** The earlier decision of this court to the contrary is no longer controlling. Toledo Traction Co. v. Cameron, 137 F. 48 (C.A.6). See Annot., 47 A.L.R. 319.

must be determined by the citizenship of the gardian, and not the citizenship of the ward."

Rule 17(c) had its origin in former Equity Rule 70.[4] We find nothing in the notes of the Advisory Committee on the Rules to indicate an intention to change the law relating to suits by guardians as it existed at the time of the adoption of the Federal Rules of Civil Procedure. We hold that the first sentence of rule 17(c) does not authorize a guardian to maintain a suit in *any* district court as a matter of federal law, irrespective of his capacity to sue under the law of the state in which the district court sits. To the contrary, we read and construe the first sentence of rule 17(c) in the light of the provision in rule 17(b) to the effect that the capacity to sue by one acting in a representative capacity shall be determined by the law of the state in which the district court is held. Southern Ohio Sav. Bank & Trust Co. v. Guaranty Trust Co. of New York, 27 F.Supp. 485 (S.D.N.Y.); 6 Cyclopedia of Federal Procedure § 21.51 (3rd ed. 1951); Cf. Vroon v. Templin, 278 F.2d 345 (C.A.4); Travelers Indemnity Co. v. Bengtson, 231 F.2d 263, 265 (C.A.5).

It follows that the capacity of plaintiff guardian to maintain this action is controlled by the law of Tennessee. cf. Corabi v. Auto Racing, Inc., 264 F.2d 784, 75 A.L.R.2d 711 (C.A.3); Cooper v. American Airlines, Inc., 149 F.2d 355, 162 A.L.R. 318 (C.A.2); Citizens Fidelity Bank and Trust Co. v. Baese, 136 F. Supp. 683 (M.D.Tenn.).

2) INTERPRETATION OF T.C.A. § 35–610

The district court held that T.C.A. § 35–610, which is quoted in the first footnote herein, deprives a non-resident guardian for a non-resident ward of the right to maintain an action for the benefit of the ward in a United States District Court sitting in Tennessee. Under this holding, a plaintiff in this kind of situation would have two choices, either of which would operate to deprive the district court of jurisdiction: (1) To decline to comply with the statute and file the suit in the name of the guardian, in which event the action could not be maintained because of failure to have appointed to act as co-guardian a person resident in Tennessee or a corporation authorized to do business in Tennessee; or (2) to comply with the statute and file the action in the joint names of the non-resident guardian and the Tennessee co-guardian, in which event there would be no diversity of citizenship and the district court would have no jurisdiction.

If plaintiff's ward were competent and of legal age, she as a resident of Florida could maintain this action against defendants in the district court. If the statute is reasonably susceptible of an interpretation which will not destroy the right of the ward to have this suit maintained in federal court for her benefit, we should adopt a construction which will sustain federal jurisdiction rather than destroy it. A somewhat analogous question was presented in Memphis Street Railway Co. v. Moore, 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733, wherein it was contended that a Tennessee statute applying to executors and administrators operated to destroy diversity of citizenship and deprive federal courts of jurisdiction. The court said:

"There is nothing whatever in the statute which indicates any intention on the part of the legislature to exclude nonresident executors or administrators from resort to federal courts under appropriate conditions, and the construction which is urged upon us to give to it such an effect

4. Former Equity Rule 70 provided as follows: "Guardians ad litem to defend a suit may be appointed by the court, or by any judge thereof, for infants or other persons who are under guardianship, or otherwise incapable of suing for themselves. All infants and other persons so incapable may sue by their guardians, if any, or by their prochein ami; subject, however, to such orders as the court or judge may direct for the protection of infants and other persons."

is too strained and artificial to be allowed." 243 U.S. at 301, 37 S.Ct. at 274.

We find no reported opinion in which the courts of Tennessee have construed T.C.A. § 35–610. Under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, we are to adopt that construction of this statute which in our best judgment the Supreme Court of Tennessee would adopt if the same issue were presented to it. Baldwin v. Hill, 315 F.2d 738, 741 (C.A.6); Gerr v. Emrick, 283 F.2d 293, 294 (C.A.3), cert. denied, Pennsylvania Turnpike Commission v. Gerr, 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695.

The statute in question was enacted in 1957 and is a successor to T.C.A. § 30–119, enacted in 1955. The 1955 statute applied only to executors and administrators, and provided that no person not a resident of Tennessee could be appointed or allowed to qualify or act as personal representative unless there be also appointed to serve with the non-resident representative a person resident in Tennessee or a corporation qualified to do business in the state. The 1955 statute was construed by the United States District Court for the Middle District of Tennessee, in an able opinion prepared by District Judge William E. Miller, as not depriving the district court of jurisdiction in an action by a foreign administrator against a Tennessee administrator under the wrongful death statute of Kentucky. Citizens Fidelity Bank and Trust Co. v. Baese, supra, 136 F.Supp. 683. The 1957 statute, codified as T.C.A. § 35–610, broadened the 1955 Act so as to apply to non-resident guardians, trustees and other persons serving in a fiduciary capacity.

 We do not construe this statute to apply to a non-resident guardian appointed in another state for a non-resident ward where the ward has no estate to be administered in Tennessee.

By its terms the statute is aimed at the *qualification* of non-resident guardians, i. e. the appointment of persons residing in other states to serve as guardians of incompetent wards in Tennessee.

Prior to 1957 there was no Tennessee statute which forbade the appointment of a person residing in another state to serve as guardian for an incompetent resident of Tennessee. In the absence of a statute to the contrary, a non-resident may be appointed guardian of the estate of a resident incompetent. 25 Am. Jur. Guardian and Ward § 33 (1940), Annot., 15 A.L.R.2d 432 (1951).

By the enactment of T.C.A. § 35–610, the Tennessee legislature restricted the appointment of non-residents by requiring that, when a resident of another state is appointed to qualify and act as guardian for an incompetent ward in Tennessee, there must also be appointed as co-guardian a person residing in Tennessee or a corporation qualified to do business in that state. We think that the purpose of the statute quite obviously was to require appointment of a co-guardian for resident wards so that the co-guardian would be subject to the territorial jurisdiction of Tennessee courts and could be required to respond in personam to the orders of the court. We find no language in this statute indicating an intention that it should apply to a non-resident guardian appointed by the courts of another state to serve as guardian for a ward residing outside the state of Tennessee with no estate to be administered in Tennessee. Although the interpretation of doubtful questions of state law by the district court is entitled to considerable weight, Rudd-Melikian, Inc. v. Merritt, 282 F.2d 924, 929 (C.A.6); United Dairies, Inc. v. Hertzberg, 262 F.2d 857, 859 (C.A.6), we are convinced that the trial court's construction of the law of Tennessee in this case is not correct.

It is possible that the statute might also apply to a non-resident guardian for a non-resident ward with an estate to be administered in Tennessee. This question is not before us, and we express no opinion with reference thereto.

■ ˙ We hold that T.C.A. § 35–610 does not require qualification of a co-guardian to serve and act with plaintiff and that this statute does not operate to deprive the district court of jurisdiction under the facts of this case.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Moore, Circuit Judge, dissented in part.