Billy C. **ANDERSON** and Angela G. **Gadberry, Co-Administrators of the Estate of Eldred Anderson**

v.

**D. L. CECIL.**

Civ. No. 3–75–283.

United States District Court, E. D. Tennessee, N. D.

Dec. 24, 1975.

---

Charles W. Martin, Oneida, Tenn., for plaintiffs.

Paul Parker, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is a wrongful death action brought by Billy C. Anderson and Angela G. Gadberry, Co-Administrators of the Estate of Eldred Anderson. The complaint alleges that defendant shot and killed plaintiffs' decedent in an affray that occurred in Winfield, Tennessee on October 14, 1974. The jurisdictional basis alleged in the complaint is diversity of citizenship under 28 U.S.C. § 1332(a)(1). Before the Court is the motion to dismiss of defendant, D. L. Cecil, on the ground that diversity of citizenship does not exist between the parties.

The decedent was a citizen of the State of Tennessee. Approximately two weeks after his death, letters of administration appointing the plaintiffs as co-administrators of the decedent's estate were issued by the County Court of Scott County, Tennessee. The plaintiffs alleged in their petition to that court that the decedent's estate consisted of approximately $5,000.00 in personal property and $12,500.00 in real property located in Scott County, Tennessee. There is no indication that any assets of the estate are located outside of the State of Tennessee.

Diversity of citizenship is determined by the citizenship of the parties at the time the action is commenced. Complete diversity of citizenship between parties opposed in interest is required. E. g., Strawbridge v. Curtis, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). The citizenships of the real parties in interest must be looked to in determining whether diversity of citizenship exists. Deposit Guaranty Bank & Trust Co. v. Burton, 380 F.2d 346 (6th Cir. 1967).

The administrator of a decedent's estate is the real party in interest in an action if he is authorized by state

law to maintain the same action in an appropriate state court. *Id.* Tennessee law authorizes the administrator of an estate to prosecute an action for wrongful death in his own name. T.C.A. § 20–607. Accordingly, the citizenships of the administrators in the present case are controlling since the administrators are the real parties in interest.

The complaint shows on its face that plaintiff Gadberry is a citizen of the State of Kentucky and that plaintiff Anderson and defendant Cecil are citizens of the State of Tennessee. Since Anderson and Cecil are of the same citizenship, complete diversity is lacking.

Plaintiffs contend, however, that Anderson should be dismissed as a party plaintiff to create diversity of citizenship because T.C.A. § 35–610 is not applicable in the present case. Section 35–610 provides in pertinent part:

> "[N]o person not a resident of this state . . . shall be appointed or allowed to qualify or act as administrator [of an estate] . . . unless there be also appointed to serve with such nonresident fiduciary a person resident (sic) in this state . . .."

■ Section 35–610 governs the capacity of a nonresident administrator to maintain an action in the State of Tennessee. Although no Tennessee courts have construed § 35–610, its application has been considered by several Federal courts in the context of diversity of citizenship. In the well-reasoned case of *Citizens Fidelity Bank & Trust Co. v. Baese*, 136 F.Supp. 683 (M.D.Tenn.1955), then District Judge William E. Miller held that the statute did not require a nonresident administrator to appoint a resident administrator for the purpose of

maintaining a wrongful death action in Federal court. Judge Miller concluded that the statute did not apply to foreign representatives who in reality were acting as trustees for named beneficiaries under the Kentucky wrongful death statute. *Id.* at 687.[1] The Sixth Circuit reached a similar conclusion in respect to the capacity of a nonresident guardian to maintain an action on behalf of a nonresident ward. *Brimhall v. Simmons*, 338 F.2d 702 (6th Cir. 1964).

■ The factual situation before Judge Miller in *Baese* is different from that in the present case in at least one significant respect. In *Baese*, the nonresident administrator commenced the wrongful death action without complying with T.C.A. § 35–610. The defendant challenged plaintiff's capacity to sue, and Judge Miller held that compliance with § 35–610 was not required.[2] In the present case, a resident administrator has been appointed. The Court cannot dissolve the letters of administration conferred upon the resident administrator by the state court. Nor can the Court disregard the resident administrator's legal existence. He was appointed by the state court, bonded and charged with the responsibilities of administering the general assets of the decedent's estate almost one year before the present action was commenced. Since his interest as a fiduciary is identical to that of the nonresident administrator, it would be inappropriate to dismiss him as a party plaintiff.

■ In light of *Baese*, it seems clear that § 35–610 does not deny a nonresident administrator the capacity to maintain a wrongful death action in a federal court on behalf of specific statutory ben-

---

1. The reason generally advanced for refusing to apply local restrictions on the capacity to sue of nonresident representatives is that such restrictions are intended to preserve assets located in the state for the benefit of local creditors. *See* 6 C.Wright & A.Miller, *Federal Practice and Procedure* § 1565, at 756–57 (1971); *Moore's Federal Practice* ¶ 17.19, at 699–700 (1975). Since any recovery under a wrongful death statute usually accrues to specific beneficiaries free from the claims of creditors, the

reason behind local restrictions on capacity to sue ceases to exist. *See Citizens Fidelity Bank & Trust Co. v. Baese, supra.*

2. The administrator in *Baese* was also appointed by a Kentucky court and the decedent was a citizen of Kentucky. Under these circumstances Judge Miller concluded that requiring a resident administrator to be appointed would work an undue hardship on the beneficiaries. 136 F.Supp. at 688.

eficiaries when a resident administrator has not been appointed. Capacity, however, is not the test for diversity of citizenship.[3] In this Circuit, the citizenship of the real parties in interest controls. *Deposit Guaranty Bank & Trust Co. v. Burton, supra.*[4] Anderson and Gadberry, as co-administrators of the decedent's estate, are the real parties in interest in the present action. Since Anderson and defendant Cecil are both citizens of the State of Tennessee, the Court lacks subject matter jurisdiction.

Accordingly, it is ordered that defendant's motion to dismiss be, and the same hereby is, granted, without prejudice to plaintiffs to refile in an appropriate state court.

---

3. For a discussion of the distinction between the concepts of capacity and real party in interest, see *6 C.Wright & A.Miller, Federal Practice and Procedure* § 1542 (1971).

4. The Third Circuit, however, has rejected the real party in interest rule and had looked to the Citizenship of the parties who have the capacity to sue. *See Fallat v. Gouvan,* 220 F.2d 325 (3rd Cir. 1955); *Wright & Miller* § 1556, *supra.*