**Mary Virginia SLADE, General Guardian of Robert Elkins and Mark David Brooks, Plaintiffs-Appellants,**

v.

**LOUISIANA POWER AND LIGHT COMPANY, Defendant-Appellee.**

No. 27946

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1969.

Robert G. Hebert, J. Stanley Wagner, New Orleans, La., for appellants.

Andrew P. Carter, Melvin I. Schwartzman, Eugene G. Taggart, Monroe & Lemann, W. Malcolm Stevenson, New Orleans, La., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969).

The sole issue on this appeal is whether a general guardian of minor children, appointed by a state court in Mississippi, has the power under Fed.R.Civ. P. 17(b) or 17(c) to sue as such guardian in the federal district court of Louisiana when she would lack the power to sue in such capacity in the state courts of Louisiana.[1] The district court answered in the negative. We agree and affirm.

It is well settled that " * * * where a guardian or other representative of a minor already has been appointed and qualified by a state court, his capacity, when he seeks to act in federal court, is tested by the law of the state in which the district court is held, but if an infant or incompetent does not have a validly appointed state representative, the federal court in which suit is brought may name a guardian ad litem or next friend to represent him, regardless of state law." 2 Barron and Holtzoff, Federal Practice and Procedure (Wright ed., 1961), § 488. Accord: Travelers Indemnity Co. v. Bengston, 231 F.2d 263 (5th Cir. 1956), aff'g 132 F.Supp. 512 (W.D. La., 1955); Fallat v. Gouran, 220 F.2d 325 (3d Cir. 1955); Brimhall v. Simmons, 338 F.2d 702 (6th Cir. 1964). See also 3A Moore, Federal Practice, (2d ed., 1969) ¶ 17.26.

Similar to the instant case, and illustrative of the principle involved, is Frankel v. Styer, 201 F.Supp. 726 (E.D.

---

1. Since the minor children involved in this case do not reside outside Louisiana, only a tutor appointed by a Louisiana state court or the father or mother of these children can bring an action on the children's behalf in the state courts of Louisiana. LSA–C.C.P. arts. 683, 4431. Plaintiff Mary Virginia Slade does not fit within any of these three categories, and therefore lacks capacity to sue in Louisiana state court.

Pa., 1962). A duly qualified guardian of minor children brought an action in the federal district court for the wrongful death of the children's father. In dismissing the action the court held that since the guardian of minor children was without power to sue on behalf of a class in the state courts of Pennsylvania he could not sue on behalf of a class in a diversity suit in the federal courts.

Affirmed.