849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ALLEN E., a comatose infant minor, by James A. CHEEK,
Esquire, his guardian ad litem, Plaintiff-Appellant,
v.
SPARTANBURG COUNTY DEPARTMENT OF SOCIAL SERVICES, located in
Spartanburg County, State of South Carolina; Spartanburg
County Regional Medical Center, also known as Spartanburg
General Hospital, located in Spartanburg County, State of
South Carolina; James Thompson, individually and in his
official capacity as Director for the Spartanburg County
Department of Social Services, located in Spartanburg
County, South Carolina; Charles C. Boone, individually and
in his official capacity as President and Chief
Administrative Officer of Spartanburg County Regional
Medical Center; Dateria Johnson, individually and in her
official capacity as Supervisor for the Spartanburg County
Department of Social Services, located in Spartanburg
County, State of South Carolina; Taylor Nee Lowe,
individually and in her capacity as caseworker for the
Spartanburg County Department of Social Services in
Spartanburg County, State of South Carolina; Jo Ann Downs,
individually and in her official capacity as Supervisor,
Spartanburg County Department of Social Services; Ann
McGill, individually and in her official capacity as
Director, Department of Social Work, Spartanburg County
Regional Medical Center; Jimmie Harrill, individually and
in her official capacity as Supervisor, Spartanburg County
Department of Social Services; R.C. Carlton, individually
and in his official capacity as treating physician for Allen
E.; J.T. Tate, individually and in his official capacity as
treating physician for Allen E., R. Mac Chapman,
individually and in his official capacity as treating
physician for Allen E., Ronald M. Kim, anesthesiologist,
individually and in his official capacity as treating
physician for Allen E.; Dr. Neese; Gene Sadderfield,
individually and in her official capacity as nurse
anesthetist; A.J. Bain, individually and in his official
capacity as treating physician for Allen E.; Allen Webb,
individually and in his official capacity as treating
physician for Allen E.; Dr. McDonald, individually and in
his official capacity as treating physician for Allen E.;
Allen Mease, individually and in his official capacity as
treating physician for Allen E.; Alan Colledge,
individually and in his official capacity as treating
physician for Allen E.; D.W. Nicholson, individually and in
his official capacity as treating physician for Allen E.,
Defendants-Appellees.
ALLEN E., a comatose infant minor, by James A. CHEEK,
Esquire, his guardian ad litem, Plaintiff-Appellee,
v.
SPARTANBURG COUNTY DEPARTMENT OF SOCIAL SERVICES, located in
Spartanburg County, State of South Carolina; Spartanburg
County Regional Medical Center, also known as Spartanburg
General Hospital, located in Spartanburg County, State of
South Carolina; James Thompson, individually and in his
official capacity as Director for the Spartanburg County
Department of Social Services, located in Spartanburg
County, South Carolina; Charles C. Boone, individually and
in his official capacity as President and Chief
Administrative Officer of Spartanburg County Regional
Medical Center; Dateria Johnson, individually and in her
official capacity as Supervisor for the Spartanburg County
Department of Social Services, located in Spartanburg
County, State of South Carolina; Taylor Nee Lowe,
individually and in her capacity as caseworker for the
Spartanburg County Department of Social Services in
Spartanburg County, State of South Carolina; Jo Ann Downs,
individually and in her official capacity as Supervisor,
Spartanburg County Department of Social Services; Ann
McGill, individually and in her official capacity as
Director, Department of Social Work, Spartanburg County
Regional Medical Center; Jimmie Harrill, individually and
in her official capacity as Supervisor, Spartanburg County
Department of Social Services; R.C. Carlton, individually
and in his official capacity as treating physician for Allen
E.; J.T. Tate, individually and in his official capacity as
treating physician for Allen E., R. Mac Chapman,
individually and in his official capacity as treating
physician for Allen E., Ronald M. Kim, anesthesiologist,
individually and in his official capacity as treating
physician for Allen E.; Dr. Neese; Gene Sadderfield,
individually and in her official capacity as nurse
anesthetist; A.J. Bain, individually and in his official
capacity as treating physician for Allen E.; Allen Webb,
individually and in his official capacity as treating
physician for Allen E.; Dr. McDonald, individually and in
his official capacity as treating physician for Allen E.;
Allen Mease, individually and in his official capacity as
treating physician for Allen E.; Alan Colledge,
individually and in his official capacity as treating
physician for Allen E.; D.W. Nicholson, individually and in
his official capacity as treating physician for Allen E.,
Defendants-Appellants.
 Nos. 87-3727, 87-3744.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 2, 1988.
Decided: June 14, 1988.
 
 James A. Cheek, for appellant.
 William U. Gunn (Reginald L. Foster, Holcombe, Bomar, Wynn and Gunn, on brief); William M. Hagood, for appellees.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The infant Allen E. emerged from what should have been routine surgery at the Spartanburg County Regional Medical Center with permanent brain damage. James Cheek brought this suit in federal court alleging that Allen E. received inferior medical services in violation of his fourteenth amendment right to life, and that he received these inferior services because of his race and economic status, in violation of the due process and equal protection clauses of the fourteenth amendment. After a hearing and the submission of affidavits, the district court granted summary judgment for the defendants on the grounds that Cheek lacked the capacity to bring this suit on behalf of the minor Allen E. The court noted that Cheek had petitioned the South Carolina court to be appointed guardian ad litem for the purpose of bringing claims arising out of the alleged malpractice, that his petition had been denied, and that other counsel had been appointed for this very purpose.
 
 
 2
 Where a guardian ad litem has been appointed by a state court, that appointment will be respected by federal courts. See Fed.R.Civ.P. 17(c); Slade v. Louisiana Power and Light Co., 418 F.2d 125 (5th Cir.1969). In the course of appointing other counsel to pursue the infant's malpractice claims, the South Carolina courts have authoritatively ruled that Cheek's earlier appointment as guardian ad litem for Allen E. in a custody dispute gave him no general authority to represent Allen E. in other contexts. Nor does Cheek's ingenuity in pleading this case as a civil rights case help him. The district court correctly observed that the suit filed "seeks to recover actual and punitive damages for the alleged 'inferior medical services' delivered to the infant," precisely the set of injuries for which other counsel has been appointed to seek damages.
 
 
 3
 For the reasons set forth more fully in the district court's careful opinion, that court's grant of summary judgment is affirmed.
 
 
 4
 The district court properly exercised its discretion in denying the appellee's motion for Rule 11 sanctions, and that ruling is accordingly affirmed. The appellee's motion for Rule 11 sanctions covering the filing of this appeal is likewise denied. The appellant's motion for attorney's fees for the appeal is denied.