Michael Dan KENNEDY, Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Respondent.

No. 90–1009V.

United States Court of Federal Claims.

March 10, 2011.

Andrew D. Downing, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, OK, for petitioner's mother, Martha Kennedy.

Michael P. Milmoe, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General Tony West, for respondent.

**ORDER**

ALLEGRA, Judge:

According to the filings in this vaccine review, the petitioner in this action, Michael Dan Kennedy, is developmentally disabled and incompetent to represent himself. Michael's sister, Melissa Kennedy, and his mother, Martha Kennedy, are acting on his behalf in this case. However, neither his sister nor his mother appear to be Michael's formal guardian under the laws of the relevant domicile, Oklahoma. Notwithstanding, Martha Kennedy has retained an attorney to litigate this matter on behalf of her son.

RCFC 17(c) governs a minor or incompetent's access to this court; this rule appears to apply in this vaccine case.[1] It directs that a minor or incompetent person may sue in this court through a duly appointed representative which includes a general guardian, committee, conservator, or like fiduciary.

RCFC 17(c)(1); *see also Sam M., et al. v. Carcieri,* 608 F.3d 77, 85 (1st Cir.2010). If a minor lacks a general guardian or a duly appointed representative, RCFC 17(c)(2) permits the court either to appoint a guardian at litem or "next friend," or issue another appropriate order to protect a minor or incompetent person who is unrepresented in an action. RCFC 17(c)(2).

The appointment of a next friend is within the sound discretion of the court. As this court's rules suggest, where an incompetent person is represented by a general guardian or a duly appointed representative, a next friend generally ought not be appointed. *See Sam M.,* 608 F.3d at 85; *see also Garrick v. Weaver,* 888 F.2d 687, 693 (10th Cir.1989); 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Fed. Prac. & Proc. § 1570 (3d ed.2010). Where there is no such representation established, or if the representative is unable or unwilling to act on behalf of the incompetent person, the court may appoint a special representative. *See* RCFC 17(c)(2); *see also T.W. & M.W. by next friend Enk v. Brophy,* 124 F.3d 893, 895 (7th Cir.1997); *Slade v. Louisiana Power * Light Co.,* 418 F.2d 125, 126 (5th Cir.1969), *cert. denied,* 397 U.S. 1007, 90 S.Ct. 1233, 25 L.Ed.2d 419 (1970). To qualify for appointment as a "next friend," an individual must: (i) provide adequate explanation for why the real party in interest cannot appear on his own behalf, such as mental incompetence or other disability; (ii) be truly dedicated to the best interests of the person on whose behalf the lawsuit is brought; (iii) have no interest that conflicts with that of the incompetent person; and (iv) have some significant relationship with the real party of interest, often that of a parent, a sibling or other close relative.[2] Overall, in deciding whether to make such an appointment, the best interests of the incom-

---

1. Vaccine Rule 1(c) states that "[t]he RCFC apply only to the extent they are consistent with the Vaccine Rules." *See Silver v. Sec'y of Health & Human Servs.,* 2009 WL 2950503, at *5 (Fed.Cl. Spec.Mstrs. Aug. 24, 2009). RCFC 17(c) is not inconsistent with any of the provisions of the Vaccine Rules, including Vaccine Rule 2(c)(2)(C) (discussing the filing of petitions by representatives). Nor does its application here appear to run contrary to any of the representation requirements found in the National Childhood Vaccine Injury Act of 1986. *See* 42 U.S.C. § 300aa–11(b)(1)(A); *Head v. Sec'y of Health & Human Servs.,* 26 Cl.Ct. 546, 548 (1992).

2. *See Whitmore v. Arkansas,* 495 U.S. 149, 163–164, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *Sam M.,* 608 F.3d at 85; *Hamdi v. Rumsfeld,* 294 F.3d 598, 603–04 (4th Cir.2002); *Ad Hoc Comm. of Concerned Teachers v. Greenburgh No. 11 Union Free Sch. Dist.,* 873 F.2d 25, 29 (2d Cir.1989).

petent person are of "paramount importance." *Sam M.*, 608 F.3d at 85.

To allow the court to determine whether it is appropriate here to appoint Martha Kennedy as her son's "next friend" under RCFC 17(c)(2), on or before March 14, 2011, Mrs. Kennedy shall file an affidavit, signed under penalty of perjury, attesting to facts addressing the requirements identified above. Said affidavit shall, in particular, address: (i) Michael Kennedy's inability to represent himself in this matter; (ii) whether Michael has a duly appointed legal representative; (iii) how appointment of Mrs. Kennedy as Michael's next friend would be in the best interests of her son; and (iv) whether the appointment would lead to any conflict of interest. The counsel retained by Mrs. Kennedy shall ensure that she receives immediate notification of this order and shall ensure that the affidavit in question is actually filed with the court and received by counsel for respondent on March 14, 2011.

**IT IS SO ORDERED.**